THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELLEN P. KELLOGG et al., as Trustees under the Will of CHARLES KELLOGG, Deceased, Appellants, *v.* JAMES L. WELLS et al., as Commissioners of Taxes and Assessments of the City of New York, Respondents.

1. TAX — ASSESSMENT AGAINST TRUSTEES, ONE OF WHOM IS A NON-RESIDENT. An assessment in the city of New York against property held jointly by two trustees, one of whom is a non-resident, for $50,000, is illegal, and while a tax against the latter would be void, he is not compelled to await proceedings for the enforcement of the tax, but may under the Tax Law (L. 1896, ch. 908) obtain a writ of certiorari for the purpose of reviewing the assessment and procuring its cancellation.

2. REDUCTION OF ASSESSMENT TO ONE-HALF. A reduction in such assessment to one-half thereof is also necessary and proper under section 8 of the Tax Law.

3. EVIDENCE AS TO VALUE OF ESTATE INCOMPETENT. Evidence that the actual value of one-half of the estate exceeded the amount of the entire assessment is properly excluded in such a proceeding, for the reason that if true, permitting the whole amount to stand as to the other trustee would be equivalent to increasing his assessment which could only be done under the charter upon notice to him of such increase, within the time prescribed by law.

*People ex rel. Kellogg* v. *Wells*, 101 App. Div. 600, reversed.

(Argued May 31, 1905; decided June 16, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 17, 1905, which reversed an order of the Special Term in certiorari proceedings directing the cancellation of an assessment against one of the trustees herein and the reduction of an assessment against the other and directed that the writ of certiorari be quashed.

The facts, so far as material, are stated in the opinion.

*Henry R. Ham* and *Ambrose G. Todd* for appellants. The commissioners assessed the entire estate in the hands of both trustees at $50,000. No issue as to amount was raised by either party in the proceedings before the commissioners, and thereby the amount was removed from controversy. The issue raised was that the relators were aggrieved by the illegal assessment of a non-resident trustee. (*People ex rel. Beaman* v. *Feitner*, 168 N. Y. 360.) No question as to the amount of the estate having been raised before the commissioners, the amount cannot be considered in this proceeding. (*People ex rel. Littman* v. *Wells*, 91 App. Div. 172; *People ex rel. Edison Co.* v. *Feitner*, 39 Misc. Rep. 463.) The commissioners were bound to act in accordance with the absolutely uncontradicted statements of the relator, and their failure to do so constitutes legal error, rendering the assessment illegal. (*People ex rel. Edison* v. *Barker*, 139 N. Y. 55; *People ex G. F. Ins. Co.* v. *Ferguson*, 38 N. Y. 89; *People ex rel. Edison* v. *Barker*, 141 N. Y. 251; *People ex rel. E. G. L.*

*Co.* v. *Barker,* 144 N. Y. 94; *People ex rel. Subway Co.* v. *Barker,* 7 App. Div. 27, 31; 151 N. Y. 639; *People ex rel. Lord* v. *Feitner,* 78 App. Div. 287; *People ex rel. Thomas* v. *Feitner,* 90 App. Div. 9; *People ex rel. Bhumgara Co.* v. *Wells,* 93 App. Div. 212; 179 N. Y. 529.) The court will not take testimony except when an issue of fact is raised by the .petition and return. There being no such issue raised, the assessment must stand or fall upon the evidence before the commissioners. (*People ex rel. Bhumgara Co.* v. *Wells,* 93 App. Div. 212; *People ex rel. Thomson* v. *Feitner,* 168 N. Y. 441; *People ex rel. Bronx Gas Co.* v. *Feitner,* 43 App. Div. 198; *People ex rel. Twenty-third St. Ry. Co.* v. *Feitner,* 92 App. Div. 518; *People ex rel. M. Ry. Co.* v. *Barker,* 152 N. Y. 417; *People ex rel. Subway Co.* v. *Barker,* 151 N. Y. 639.) No issue of fact is raised by the petition and return in the case at bar, and the motion for judgment on the pleadings was properly granted. (*People ex rel. Thomas* v. *Feitner,* 90 App. Div. 9; *People ex rel. Bhumgara Co.* v. *Wells,* 93 App. Div. 212.)

*John J. Delany, Corporation Counsel (George S. Coleman and E. Crosby Kindleberger of counsel), for respondents.* Where taxable personal property is held. jointly by two trustees, one of whom is a resident of the city of New York, one-half of the estate so held may be assessed there for purposes of taxation. (*People ex rel. Beaman* v. *Feitner,* 168 N. Y. 360.) The evidence contained in the stipulation that on the second Monday of January, 1903, the trustees had in their possession and control taxable personal property amounting to $100,000, was competent, and required that the assessment be sustained. (*People ex rel. Manhattan Railway Co.* v. *Barker,* 152 N. Y. 417; *People ex rel. C. L. Co.* v. *Feitner,* 81 App. Div. 118; *People ex rel. B. Mfg. Co.* v. *Wells,* 84 App. Div. 330; *People ex rel. K. S. D. Co.* v. *Wells,* 181 N. Y. 245; *People ex rel. M. R. Co.* v. *Barker,* 165 N. Y. 304.) The relators have failed to show that they have been aggrieved by the assessment made. (*People ex rel. E. G. L. Co.* v. *Barker,* 66 Hun, 21; *People ex rel. U. V. C. Co.* v.

*Feitner*, 54 App. Div. 214; *People ex rel. E. M. Co.* v. *Feitner*, 60 App. Div. 282; *People ex rel. W. P. Co.* v. *Wells*, 180 N. Y. 62.)

CULLEN, Ch. J.   The respondents, the commissioners of taxes and assessments of the city of New York, assessed the relators as trustees for the purpose of taxation in the year 1903 as possessed of personal property of the value of fifty thousand dollars.   When the assessment books were open for examination, as provided by the charter of the city of New York, the relator, Ellen P. Kellogg, filed an affidavit with the tax commissioners setting forth that she was not a resident of the city or state of New York, but resided in the state of New Jersey, and asked that the assessment upon the relators be canceled and annulled.   This application was refused.

Subsequently, upon the petition of the relators, a writ of certiorari was issued to the tax commissioners for the purpose of reviewing their determination.   The petition alleged that Ellen P. Kellogg, one of the relators, was a non-resident of the state, as already said.   The respondents made return to the writ, in which they set forth, on information and belief, that their predecessors in office refused to grant the application of Mrs. Kellogg because it appeared on examination that half the value of the trust estate exceeded the amount assessed against the two relators, but did not put in issue the allegation that Mrs. Kellogg was a non-resident.   When the proceeding came on for hearing, the relators moved for judgment on the return, which was held under advisement.   Pending the decision, Mrs. Kellogg was examined as to her residence, and the respondents offered to prove the value of the trust estate as stated in their return.   This testimony was excluded, and the Special Term granted the plaintiffs' motion for judgment and ordered that the assessment be canceled as against Mrs. Kellogg and be reduced as against her co-trustee, the relator Camp, to the sum of twenty-five thousand dollars.   On appeal the Appellate Division reversed this order and quashed the writ, holding that the relators had set forth no grievance as a ground for their application.

We disagree with the opinion of the Appellate Division that the relators had no grievance warranting the issue of the writ. Any tax imposed on the relators as a result of the assessment made by the commissioners would be in the nature of a judgment, on which *prima facie* both the relators would be liable personally for the amount of the tax. It is true that such a judgment would not be conclusive against Mrs. Kellogg, and that she might, by proving that she was a non-resident, show that the tax commissioners had no jurisdiction over her, and that, therefore, the tax was as to her void. She was not, however, compelled to await proceedings to enforce the tax, for by section 250 of the Tax Law (Chap. 908, Laws of 1896) any person aggrieved by an assessment for property may obtain the writ either for illegality or for over-valuation. Her right to relief was based, not on any over-valuation, but on the ground that the assessment was illegal, which it unquestionably was as to her. Therefore, the order of the Special Term canceling the assessment as to Mrs. Kellogg was correct.

We think the action of the Special Term in reducing the assessment as to the other trustee was also necessary and proper. By section 8 of the Tax Law, where personal property is in the possession or under the control of two or more trustees residing in different tax districts, each must be taxed for an equal proportion of the value of such property so held by them. Therefore, where, as in this case, one of two trustees resided without the state the other trustee could be assessed only for one-half of the value of the trust estate. Now, it might be argued, not without some force, that as the assessment was against both the relators jointly and as to one of them the assessors had no jurisdiction the assessment was wholly void. The relators, however, are in no position to make such a claim for they did not appeal from the order of the Special Term, and we may say further that if made we would not be disposed to accede to it. We are at a loss, however, to see how an assessment of the whole estate in the hands of both relators at a certain value can be construed as an assessment of

one-half of the estate at the same value.    The most that can be said of such an assessment, and we think that may fairly be said of it, is that it necessarily imports that the share of each trustee as determined by the assessors was one-half the value at which they had assessed the whole.    Nor was there any error made by the Special Term in excluding the evidence offered by the respondent to show that the actual value of even one-half of the estate held by the relator Camp exceeded the amount of the entire assessment imposed on both trustees.    It must be borne in mind that this assessment was attacked not for overvaluation but for illegality, and it was no answer to the claim of illegality that there had been an undervaluation.    It is true that when Mrs. Kellogg's affidavit was filed with the assessors that board might have re-examined the assessment, and if they ascertained that the assessment imposed on the two trustees was less than the real value of the estate they might, having canceled the assessment against Mrs. Kellogg, have assessed Camp for the amount previously imposed on the whole estate or even a greater amount if the facts warranted it.    But such action of the assessors would have been an increase of the assessment imposed on Camp and under the charter of New York could be made only upon giving notice to Camp of such increase within the time prescribed by law.    This procedure is so fully discussed in the opinion rendered by Judge VANN in the recent case of *People ex rel. Simpson* v. *Wells* (181 N. Y. 252) that it is not necessary to now refer to it in detail. No notice of such increase, however, was given to Camp, and, therefore, the assessment as against him could not be raised no matter what the facts were that would justify an increase. In fact the commissioners did not assume to increase the assessment on Camp.

It follows that the order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs.

GRAY, O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Order reversed, etc.