THE PEOPLE OF THE STATE OF NEW YORK ex rel. EMMA L. MOLLER et al., as Executors and Trustees under the Will of JOSEPH H. GODWIN, Deceased, Appellants, v. FRANK A. O'DONNEL et al., as Commissioners of Taxes and Assessments of the City of New York, Respondents.

TAX — WHEN BOROUGHS IN CITY OF NEW YORK CONSTITUTE SEPARATE TAX DISTRICTS — L. 1896, CH. 908, § 8. Conceding that for many purposes the city of New York constitutes but a single tax district, nevertheless each borough must be considered a separate tax district so far as those provisions of section 8 of the Tax Law (L. 1896, ch. 908) are involved, which enact that every person shall be taxed in the tax district where he resides for all personal property owned by him or under his control as trustee or executor and that where property is in the possession of two or more persons as executors or trustees, each shall be taxed for an equal portion of it. An assessment, therefore, for personalty in the borough of the Bronx against two executors and trustees, one of whom resides in the borough of Manhattan, is invalid against the latter and he is entitled to its cancellation as to his portion of it.

*People ex rel. Moller* v. *O'Donnel,* 106 App. Div. 526, reversed.

(Argued October 3, 1905; decided October 24, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 25, 1905, which reversed an order of Special Term denying a motion to quash a writ of certiorari to review the proceedings of the defendants in assessing personal property of the relators for the purposes of taxation and granted such motion.

The facts, so far as material, are stated in the opinion.

*Howard R. Bayne* and *Arthur M. Silber* for appellants. The city of New York is a tax district. (*People ex rel. McHarg* v. *Gaus,* 169 N. Y. 19; *Wilcox* v. *City of Rochester,* 129 N. Y. 247; *People ex rel. Beaman* v. *Feitner,* 168 N. Y. 365.) A person can be taxed only in the tax district in which he resides, where the assessment must be made for all personal property owned by him, or under his control as agent, trustee, guardian, executor or administrator. (*Wilcox* v. *City of Rochester,* 129 N. Y. 247; *People ex rel. McHarg* v. *Gaus,*

169 N. Y. 19.) An assessment against an estate can be divided and apportioned against several representatives, only in one case, that is, where they reside in different tax districts. (*Matter of Haight*, 32 App. Div. 496 ; *People ex rel. Campbell* v. *Comrs. of Taxes*, 38 Hun, 539.) An assessment against one person as executor of an estate where there are two or more residing in the same tax district is presumed to be an assessment against all of the executors, and the omission of one or more of the names from the assessment roll is a mere irregularity which does not invalidate the assessment. (*People ex rel. Cammann* v. *Feitner*, 61 App. Div. 115.) The Bronx assessment cannot be considered a single assessmment against one executor and the valuation therein cannot be considered that of one-half of the estate. (*People ex rel. Kellogg* v. *Wells*, 182 N. Y. 314.) No authority existed for assessing and taxing these executors and this estate twice the same year in the same tax district, and one or the other of these assessments was void. (*People ex rel. Kellogg* v. *Wells*, 182 N. Y. 318.) If New York city be not one tax district, but five, nevertheless, the Bronx assessment is void, as being laid outside the tax district in which relator Smith resided. (*Wilcox* v. *City of Rochester*, 129 N. Y. 247.)

*John J. Delany, Corporation Counsel* (*George S. Coleman* and *E Crosby Kindleberger* of counsel), for respondents. The provisions of the Tax Law and of the Greater New York charter, construed together, contemplate that individuals shall be assessed in the boroughs in which they respectively reside.' (*People ex rel. Beaman* v. *Feitner*, 168 N. Y. 360 ; *Wilcox* v. *City of Rochester*, 129 N. Y. 247 ; *People ex rel. McHarg* v. *Gaus*, 169 N. Y. 19.)

Cullen, Ch. J. The relators, executors and trustees of the will of Joseph H. Godwin, deceased, resided in the city of New York, the relator Moller in the borough of the Bronx and the relator Smith in the borough of Manhattan. In 1904 the relator Smith, as such executor and trustee, was assessed

for personalty at the sum of $150,000, the tax on which he paid. The same year both relators, as executors and trustees, were assessed in the borough of the Bronx at the sum of $150,000. The relators thereupon obtained a writ of certiorari for the purpose of canceling or reducing the assessment made upon them in the Bronx. A motion made to set aside the writ on the ground that the assessment was regular and valid was denied by the Special Term. The order of the Special Term was reversed by the Appellate Division and the motion to set aside the writ granted.

While it may be true that under the definition of a "tax district" found in section 2 of the Tax Law the whole city constitutes but a single district, because the assessments in the several boroughs by the deputy tax commissioners are made subject to the direction and supervision of the board of taxes and assessments, it is nevertheless plain that under the provisions of the charter of the city (Chap. 17) a valid assessment for personalty against a resident other than a corporation possibly can be made only in the borough in which the taxpayer resides. Section 892 of the charter provides that in each borough office of the department there shall be entered in "the annual record of the assessed valuation of real and personal estate of the borough" the assessed valuation of the property within the limits of the borough, which book shall be open for public inspection, examination and correction. Previous to the time for opening the said books for inspection the fact that the books are to be opened must be advertised in the *City Record* and in one or more newspapers published in the borough. Section 894 provides that there shall be entered in each borough the names of the persons or corporations subject to taxation, and that if at any time prior to the first of May in any year it shall appear to the tax commissioners that a person assessed for taxation on personal estate on the books or rolls of one borough should have been assessed therefor on the books or rolls of another borough, they shall forthwith cause the assessment to be canceled and a new assessment to be made in the proper borough and within five days

**12**     People ex rel. Moller *v.* O'Donnel.     [Oct.,

Opinion of the Court, per Cullen, Ch. J.     [Vol. 183.

thereafter cause written notice of the new assessment to be
mailed to the taxpayer at his residence or business address.
Ever since the case of *Stuart* v. *Palmer* (74 N. Y. 183) it has
been the settled law of this state that for the imposition
of a valid tax it is necessary that the taxpayer have notice of
his assessment in order that, if aggrieved, he may have a hear-
ing and an opportunity to obtain relief. In the case of the
ordinary annual taxes the taxpayer must take notice of the
provisions of the statute prescribing the time when the assess-
ment books are open for inspection. He must examine the
books and discover for himself whether he has been erro-
neously or excessively assessed for taxation. It was never
intended, however, that the citizen should be compelled to
examine the assessment books of each of the five boroughs in
order to protect himself from improper taxation. This is
made manifest by the provision of section 894, already quoted,
which prescribes the course of procedure when "a person
assessed for taxation on personal estate on the books or rolls
of one borough should have been assessed therefor on the
books or rolls of another borough," which necessarily implies
that there is only one borough in which the taxpayer can be
properly assessed for personalty, that is to say, the borough of
his residence. If an assessment in a different borough is valid,
why the provision for a new assessment in the proper borough
and why the requirement for notice to the taxpayer of the
new assessment? Therefore, conceding that for many pur-
poses the whole city should be deemed to constitute but a sin-
gle tax district, it is clear that each borough should be
considered a separate tax district so far as are involved the
provisions of section 8 of the Tax Law, which enact that every
person shall be taxed in the tax district where he resides for
all personal property owned by him or under his control as
trustee or executor. The learned Appellate Division of the
first department has substantially held this very doctrine in
the recent case of *People ex rel. Wood* v. *O'Donnel* (105
App. Div. 643). The section further enacts that where the
property is in the possession of two or more persons as execu-

tors or trustees each shall be taxed for an equal portion of the property held by them.  It follows that each of the relators should have been assessed in the borough of his residence for one-half of the estate.  The assessment against the relator Smith in the borough of Manhattan was, therefore, regular and valid, but that assessment is not here in dispute, the tax thereon having been paid by the relators without question.

Under these views the assessment against the relator Smith in the borough of the Bronx was invalid, and that relator is certainly entitled to have the assessment canceled as to him. The assessment, however, was made against both Smith and Moller at the sum of $150,000.  We have recently held in *People ex rel. Kellogg* v. *Wells* (182 N. Y. 314) that such an assessment necessarily imports a valuation of the whole estate at the amount assessed and can be sustained against the individual over whom the assessors had jurisdiction only to his aliquot share of the total valuation.  In that case two executors, one of whom was a non-resident of the state, were jointly assessed for $50,000.  It was decided that the assessment could be sustained against the resident executor only to the extent of $25,000.  If we are correct in the view that the boroughs of the city of New York are to be deemed separate tax districts within the provisions of section 8 of the Tax Law hitherto stated, then no sound distinction can be drawn between that case and the case now before us.  It is said there is an inconsistency between the assessment of one-half an estate in one borough at $150,000 and the other half at $75,000 in another borough.  Doubtless this is so, but such a result often follows.  Had one of these relators lived in Niagara county while the other lived in New York it is not only entirely possible, but by no means improbable, that the assessments of the two counties would have been for different sums though theoretically they should have been the same. It is always possible, if not likely, that this may occur where the same fact is to be determined by tribunals composed of different persons.

The order of the Appellate Division should be reversed,

the assessment against. the relator Smith canceled and that against the relator Moller reduced to $75,000, with costs to the appellants in all courts.

GRAY, VANN and WERNER, JJ., concur; BARTLETT and HAIGHT, JJ., dissent from so much of the judgment as reduces the assessment on relator Moller; O'BRIEN, J., absent.

Order reversed, etc.