(66 Misc. Rep. 628.)

CITY OF NEW YORK v. DIETZ et al.

(Supreme Court, Special Term, New York County. March, 1910.)

1. TAXATION (§ 590*)—PERSONAL TAX—ENFORCEMENT.

In an action against trustees to collect a tax on personalty of the estate, the only defendant served was not liable, because not a resident of the borough where the tax was assessed. *Held*, that the suit could not proceed against the others; the trustees being liable only severally on the property in their respective hands.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1203; Dec. Dig. § 590.*]

2. TAXATION (§ 83*)—TRUSTS—TRUST ESTATE—LIABILITY OF TRUSTEES.

In an action to collect the personal tax against trustees of an estate, the liability of each trustee under Laws 1896, c. 908, § 8, is a several liability, and each trustee is only liable for the share of the estate in his hands.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 83.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the City of New York against Frederick Dietz and others. On motion to dismiss complaint. Granted.

Daniel Nason, for petitioners.

Archibald R. Watson (George O'Reilly, of counsel), for city of New York.

GERARD, J. Motion for order dismissing the complaint, without costs, and directing the cancellation of the tax. Frederick Dietz, William H. White, and Samuel McMillan were trustees of the estate of Robert E. Dietz, for Anna Dietz. The city of New York commenced suit to collect from them, as residents of the borough of the Bronx, the personal tax owing from the above-named estate.

This suit was instituted by the service of a summons and complaint on defendant Dietz. It appears that defendant White is dead, and the corporation counsel agrees that the action against defendant Dietz be dismissed, for the reason that he was not a resident of the borough in which the assessment was made. In the complaint served on Dietz the city prays for judgment for the whole amount of the tax on said estate, and asks this court to bind McMillan, a defendant who had never been served, for the amount claimed to be due in the complaint served on Dietz, and which complaint must of necessity be dismissed as against Dietz.

There are two questions to be decided: First, does service on one defendant bind all in an action of this nature? and, second, can one trustee in an action of this nature be bound for the entire amount of the tax due? As to the first question, I am of the opinion that section 8, c. 908, Laws 1896, clearly indicates that the statute contemplates a separate liability; and as to the second question, I am of the opinion that each trustee in an action of this nature is liable only for the share of the estate in his hands. People ex rel. Moller v. O'Donnel, 183 N. Y. 9, 75 N. E. 540.

Ordered accordingly.