Maximilian J. L. Towler et al., Respondents, *v.* Blanche Towler, Appellant.*

Where by a deed the grantor reserves a power to create a future estate in the land conveyed, the power unless coupled with a trust, is not imperative, but its execution depends entirely upon the will of the grantor.

It is only when a power is in trust that a court of equity will decree its execution.

T., who was a widower, conveyed certain real estate to his children, reserving to himself a right to devise by will a life estate in one-third thereof to "any hereafter-taken wife." The grantor thereafter married, and died without executing the power. *Held,* that the widow was not entitled to any interest in the land ; that the reservation at most created a mere power, and so, to be executed or not at the pleasure of the grantor

As to whether the reservation can be treated as a power within the meaning of the Revised Statutes (1 R. S. 732, § 105) *quære.*

Reported below, 65 Hun, 457.

(Argued March 20, 1894 ; decided April 10, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 4, 1892, which affirmed a judgment in favor of plaintiffs entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. P. Rose* for appellant. The execution of the power reserved in the deed of John Towler could not possibly suspend the power of alienation of the land for two lives in being. (*Everitt* v. *Everitt,* 29 N. Y. 71 ; *Purdy* v. *Hoyt,* 92 id. 451 ; *Beardsley* v. *Hotchkiss,* 96 id. 201 ; *Schmerhorn* v. *Cotting,* 131 id. 48.) The trust power is imperative and imposed a duty upon John Towler, the performance of which may be compelled in equity for the benefit of the party interested. (*Cutting* v. *Cutting,* 86 N. Y. 522 ; *Delaney* v. *McCormack,* 88 id. 180 ; Perry on Trusts, § 248 ; *Brown* v. *Higgs,* 4 Ves. 708.) The decision of the General Term practically nullifies and repeals the statute. (*Benton* v. *Wickwire,*

---

* This case was accidentally omitted in its order.— [Rep.

54 N. Y. 228, 229; *Rosenplaenter* v. *Roessle*, Id. 265; *F. A. Bank* v. *Colgate*, 120 id. 394; *Smith* v. *Acker*, 23 Wend. 653; *C. E. Ins. Co.* v. *Babcock*, 42 N. Y. 613; *McCluskey* v. *Cromwell*, 11 id. 603.)

*Charles A. Hawley* for respondent. It is to be noticed that the language of the deed is that of a reservation and not of an exception. A reservation to a stranger is void, for a grantor cannot covenant with a stranger to the deed. (*Ives* v. *Van Auken*, 34 Barb. 566.) The defendant takes nothing by virtue of the deed. Something more and further must be done before she has any legal interest in the premises. She is not a dowress, for her husband was not seized of an estate of inheritance in the premises at any time during the marriage. (4 R. S. [8th ed.] 434, § 1.) This was not a power coupled with an interest. (8 Wheat. 203; 3 Hill, 365.) If the word "power" be considered as having the technical and statutory meaning, even then the defendant must fail in her contention. (4 R. S. 2446, §§ 78, 95, 96; *Dempsey* v. *Tylee*, 3 Duer, 98; *Fellows* v. *Heerman*, 4 Lans. 256, 257.) The alleged power in trust was without consideration, and was not perfectly created by the deed. (1 Perry on Trusts, §§ 95, 96, 97.) Whether a trust is perfectly created is a question of fact in each case, and the same rules apply to powers in trust as to trusts in determining whether or not they are perfectly created. (*Levy* v. *Levy*, 33 N. Y. 107; *Holland* v. *Alcock*, 108 id. 316.) The power is upon its face discretionary and dependent upon the will of the grantor. It is not imperative. (Perry on Trusts, §§ 507, 508; *Colman* v. *Beach*, 97 N. Y. 558.) The statute against the suspension of the power of alienation applies to every species of conveyance or limitation, whether by deed or will, directly or in trust, and whether by trust or power in trust. (*Yates* v. *Yates*, 9 Barb. 346; *Booth* v. *Baptist Church*, 126 N. Y. 215; Chaplin on Suspension, §§ 62, 64–68, 298, 299; *Everitt* v. *Everitt*, 29 N. Y. 39, 71; *Schuttler* v. *Smith*, 41 id. 328; *Hanes* v. *Sherman*, 117 id. 422; *Jennings* v. *Jennings*, 5 Sandf. 174; *Lang* v. *Ropke*, 5 id. 363; *Beach*

v. *Pond*, 23 N. Y. 69; *Gott* v. *Cook*, 7 Paige, 521; 24 Wend. 641; *Manice* v. *Manice*, 43 N. Y. 303.)

O'Brien, J.  The plaintiffs are the children and sole heirs at law of John Towler, who died in the year 1889, and who, at the time of the conveyance in question, was seized of the real property described in the complaint.  This action was brought to determine conflicting claims to this property under the provisions of § 1638 of the Code.  On the 20th of June, 1881, the deceased was the owner in fee of the property and in possession and enjoyment.  On that day he executed and delivered to the plaintiffs a conveyance of the land to have and to hold as tenants in common, subject to a life estate which he reserved to himself, declaring that the estate conveyed to the plaintiffs should only vest in possession upon his death.  The conveyance was also subject to the following reservation:

"And further reserving to the party of the first part the power to devise, by last will and testament, an undivided one-third part of said premises unto any hereafter taken wife of him, the party of the first part, for and during the term of her natural life, or (at his option) to give and grant by deed, to said hereafter taken wife or to any person in trust for her, the same undivided third part of said premises for and during the term of her natural life."

On the 6th of August, 1881, after making this conveyance, John Towler, the deceased, married the defendant, and died on April 2, 1889, without having in any way executed the power reserved to him in the deed.  The sole question in the case arises upon these undisputed facts.  The defendant claims that by the reservation in the deed her deceased husband created in her favor a special imperative trust power, the performance of which will be decreed in equity, and since it was never executed it may now be considered as done for her benefit, and, therefore, that she is now entitled to a life estate in an undivided third of the premises.  By § 96 of the article in the Revised Statutes in relation to powers it is provided

that " Every trust power, unless its execution or non-execution is made expressly to depend on the will of the grantee, is imperative, and imposes a duty on the grantee the performance of which may be compelled in equity for the benefit of the parties interested." When the donee of a power such as is referred to in this section dies without executing it, equity will regard as done what it was the duty of the trustee to do, and so the title vests in the person for whose benefit the power was created. (*Smith* v. *Floyd*, 140 N. Y. 337.) In this case the grantor to the plaintiffs granted or conferred no power to any third person to create by means thereof any future estate, but reserved that power in himself. By § 105 of the statute the grantor in any conveyance may reserve to himself any power, beneficial or in trust, which he might lawfully grant to another. And every power thus reserved shall be subject to the provisions of this article, in the same manner as if granted to another. We think that this reservation in the deed at most created nothing more than a mere power, not coupled with any trust. It is not a special imperative trust power within the meaning of the statute, but a power which the grantor reserved, and could execute or not at his pleasure. He could not have been compelled to execute it in his lifetime, and had he before his death conveyed all his interest in the estate to the plaintiffs they would have taken the whole title in fee simple, unfettered by any trust or interest of any kind in favor of the defendant. An instrument creating a power, like all other instruments, must receive a reasonable construction, and the intention of the party executing the instrument is to be ascertained from the language used, the situation of the parties, and all the surrounding circumstances. (Perry on Trusts, § 248.)

Applying these rules of construction to the reservation in the deed, we think that the grantor never intended to and did not in fact create a special trust power which was imperative within the meaning of the statute. Had he granted this power to another his intention to create a trust and to make its execution imperative would be a reasonable inference from

the language as well as from the circumstances, and the statute would then operate upon it. But here he simply reserved to himself a certain estate in the land, and certain powers over it which he always had, and never conveyed or surrendered to any one. As to every interest in the land and as to every power over it which was not conveyed to the plaintiffs, the deceased held it as before, unfettered by any trust power or other limitation. By reserving power to create a life estate in an undivided third of the land he limited the operation of his grant to the plaintiffs, but he imposed no obligation upon himself or upon the land in favor of the defendant that did not exist before the execution of the instrument. Any other view would require us to hold that the reservation by the grantor of this power was equivalent to the creation of a life estate in favor of the defendant. This would be giving to the deed an effect never contemplated by the grantor, and creating an imperative trust power in a manner not intended by the statute. But it is said that the power is imperative unless its execution or non-execution is made expressly to depend upon the will of the grantee. If that section has any application to such a case as this it may be observed that when the reservation is read in the light of all the circumstances, it does appear that its execution or non-execution is made expressly to depend upon the will of the grantor in the deed. In conveying to his children he reserved certain interests and powers which he always had, that he could execute or relinquish at his pleasure just as he could convey his life estate. He created no obligation against himself, but was left perfectly free to do what he would with his own. From the very nature of the transaction, the situation of all the parties and the origin of the power itself, its execution necessarily depended upon the will and discretion of the person who reserved it. To say that by reserving it he imposed a duty upon himself with respect to its execution, is to assert that he could be compelled by a court of equity to abridge his own life estate in case the execution had been provided for by deed alone. The words of a power of this character are

not always confined to what they necessarily import in their
strictest legal sense, but they are to be construed according to
the intention of the party using them. ( *Wilson* v. *Troup*, 2
Cow. 196.) This was a bare power to create a future estate
reserved by the grantor as a part of his old dominion over the
lands. Such powers as I understand it are never imperative,
but their execution depends entirely upon the will of the
donee. (2 Hilliard on Real Property, 617.) It is only when
the power is a trust that a court of equity will decree the exe-
cution. That this was a mere power reserved, uncoupled with
any trust, is shown by the fact that the deceased husband
could have extinguished it by conveying his life estate to the
children already entitled to the remainder. (4 Kent Com.
347.) He could have exercised this reserved power so as to
confer a life estate in one-third upon the defendant, but it was
optional with him to do so or not, and as he died without exe-
cuting the power, the defendant has no interest in the lands.

I have thus far treated the instrument as a power within the
meaning of the statute, though not imperative. The seventy-
fourth section defines a power as an authority to do some act
in relation to lands, or the creation of estates therein, or of
charges thereon, which the owner granting or reserving such
power might himself lawfully perform. It is not by any
means clear that the reservation in question is such a power.
It is true that it is such in form, as it professes to confer
authority to do some act in relation to lands or the creation of
an estate therein. But his right to do all that can be referred
to his original estate and the power growing out of that title,
a part of which he still retained. In this view the writing
cannot be said to confer any new power, but simply retains
in the grantor the part of the estate not granted, and is a
mere reservation and not in the nature of a power as that
term is used in the statute. In any view, however, that may
be taken as to the technical character of the instrument, the
creation of a future estate in favor of the defendant was not
an imperative duty imposed upon the deceased, but remained as
before the execution of the instrument, purely discretionary.

These views lead to an affirmance of the judgment appealed from.

All concur (Andrews, Ch. J., Gray and Bartlett, JJ., in result), except Earl, J., who dissents on ground that the conclusion reached in the opinion nullifies section 105 of the statute.

Judgment affirmed.