Surrogate's Court, Rensselaer County, January, 1925. [Vol. 124

adjudicated in the Supreme Court, are clearly stated in the opinion in *People ex rel. Commissioner of Charities* v. *Cullen* (*supra*).

The judgment of conviction must be reversed, and the case dismissed, and an order may be entered accordingly.

---

## In the Matter of the Will of MARY KATE FAGAN, Deceased.

Surrogate's Court, Rensselaer County, January 19, 1925.

Wills — construction — equitable conversion — testator authorized and empowered executor to sell real estate and apply proceeds to payment of specified legacies — said clause also provided that in case proceeds were insufficient, legacies specified should be paid from personalty — said clause works equitable conversion of real property — imperative power in trust created — Real Property Law, §§ 137 and 157, applied.

A clause in a will which authorizes and empowers the executor to sell and dispose of any and all real estate and apply the proceeds of the sale to the payment of specified legacies in so far as the proceeds will discharge and pay the same, and which further provides that if the proceeds from the sale of the real estate shall be insufficient or inadequate to pay the legacies specified, then the remainder of the legacies shall be paid from the personal estate, works an equitable conversion of the real property of the testator, since said clause creates a power in trust for the benefit of the legatees specified, within the meaning of sections 137 and 157 of the Real Property Law.

Moreover, said power is imperative and imposes a duty on the grantee, who is the executor, which duty may be compelled by the legatees interested.

PROCEEDING for construction of will.

*W. W. Morrill*, for the executor.

*James V. Coffey*, for six third cousins.

*Dennis S. Dawson*, for five second cousins.

*Frederick E. Bowen*, for third and fourth cousins.

*Harry W. Walk*, for a third cousin.

*Mackrell & Ranney*, for third cousins.

*Thomas F. Powers*, for second cousins.

*Heaton & Mambert*, for four first cousins.

*John P. Judge*, for the legatees.

*Herbert F. Roy*, for Williams College, legatee.

*John F. & Wm. H. Murray*, for legatees.

*William G. Healy*, special guardian.

*Frederick C. Filley*, special guardian.

Misc. 288]     Surrogate's Court, Rensselaer County, January, 1925.

WAGER, S.:

A number of the heirs at law of the above-named decedent, being second and third cousins, have, by petitions and answers in the matter of the probate of the last will and testament of said deceased, asked that a certain paragraph in the decedent's will be construed. Said paragraph reads as follows: " I hereby authorize and empower my executor hereinafter named to sell and dispose of any and all real estate of which I may die seized and possessed, and apply the proceeds of the sale of said real estate to the payment of the several legacies and bequests made in the ' Sixth ' paragraph of this Will in so far as the said proceeds from the sale of said real estate will discharge and pay said bequests.  Should the proceeds from the sale of my real estate be insufficient or inadequate to pay and fulfill all bequests then the remainder of said bequests made in said ' Sixth ' paragraph of this Will shall be payable from any personal estate and funds left by me."

The various second and third cousins appearing contend that said paragraph should be construed to the end that there was no equitable conversion of the real estate of the decedent, and that the power of sale given was and is void; that the legacies given in the " sixth " paragraph should be paid from the personal estate, there being sufficient for that purpose.

Mary Kate Fagan died on the 6th day of August, 1924.  Her will in question, which has been probated, bears date May 23, 1924, to which is attached two codicils, one bearing date June 17, 1924, and the other July 29, 1924.  By her codicils she revoked some bequests to religious corporations given in her will, stating that she had made gifts in her lifetime to said corporations of the amount bequeathed.  In neither her will nor codicils is there a residuary clause.

It has been conceded in this matter that the deceased was the only sister of Thomas S. Fagan, a prominent lawyer of the city of Troy, who died in January, 1924, intestate; that the only real estate left by the deceased was a two-story brick colonial house built by her brother and of a valuation of $40,000; that the decedent and her brother were never married, and occupied the real estate in question in their lifetimes as a residence.

It was also established in these proceedings that the estate received by Mary Kate Fagan from her brother, Thomas S. Fagan, was $475,000; and that the personal estate left by Miss Fagan at the time of her death is more than sufficient to pay all the legacies given and bequeathed in her will.

The only next of kin of decedent are four first cousins; and the

heirs at law are the said four first cousins, eight second cousins, thirteen third cousins, and four fourth cousins; in addition there are some unknown descendants of a second cousin.

No objections having been filed to the probate of the papers propounded as the last will and testament and codicils of said deceased, it must be assumed that the testatrix had testamentary capacity; that she understood perfectly the condition of her property, her relations to the persons who were, or should, or might have been the objects of her bounty, and the scope and bearing of the provisions of her will; and as has well been stated in one of the leading cases, that the testatrix took cognizance of the condition of her property as well as its value and its source. (*Delafield* v. *Parish*, 25 N. Y. 9.)

It is somewhat significant in view of the full knowledge that the testatrix had of her relationship to her many distant cousins that she did not make any bequests to any of them in her will, except a gift of $1,000 to each of two second cousins. In addition, she did give a legacy of $2,000 to the wife of a first cousin.

Her desire and intention as we gather from the instrument probated, was to provide generously for a number of religious, charitable and educational institutions, and as to what might remain she was apparently extremely indifferent.

By the " sixth " clause of her will she bequeathed to five charitable institutions in the city of Troy the sum of $10,000 each, aggregating $50,000, and the question to be determined on this construction, does the paragraph quoted, being part of the " seventeenth " clause of her will, effectually work an equitable conversion of her real estate into personalty for the purpose of paying these five legacies as far as the proceeds of the sale of the said real estate would pay the same.

Counsel for the various parties have filed voluminous briefs and have cited many cases as guides for the court in the construction of this will, but it has been well said that " It is of no advantage to compare cases." " It should be sufficiently clear, when the object in the construction of wills is to ascertain, and to effectuate, the intention of the testator, that the facts and circumstances of each case can furnish the sole aids to interpretation. The testamentary rules which have been so established as to be accepted as controlling, and which are restated, from time to time, by courts, only serve as general guides in the construction of a will, in establishing the intention of the will maker and in giving full and legitimate operation to the instrument." (*Matter of Tatum*, 169 N. Y. 514–520.)

The peculiar facts and circumstances and wording of this will

is somewhat different from the facts established in the various cases cited; and the question here is, did Miss Fagan by her will effectually dispose of her real estate, and is the power given to her executor in her will to sell the said real estate, an imperative one which he must obey.

By section 137 of the Real Property Law it is defined that "A general power is in trust, where any person or class of persons, other than the grantee of the power, is designated as entitled to the proceeds, or any portion of the proceeds, or other benefits to result from its execution."

By section 157 of the Real Property Law it is provided that "A trust power, unless its execution or non-execution is made expressly to depend on the will of the grantee, is imperative, and imposes a duty on the grantee, the performance of which may be compelled for the benefit of the person interested."

"An instrument creating a power, like all other instruments, must receive a reasonable construction, and the intention of the party executing the instrument is to be ascertained from the language used, the situation of the parties, and all the surrounding circumstances." (*Towler* v. *Towler*, 142 N. Y. 371.)

What is the reasonable construction of this power contained in Miss Fagan's will, in view of the language used and all the surrounding circumstances? She was interested in giving to five charitable institutions a legacy of $10,000 each. She owned real estate consisting of a family house of the value of approximately $40,000. She had as heirs at law four first cousins and twenty-five more distant cousins.

Was it her intention and desire that her executor should sell this house and apply the proceeds towards the legacies in question? If that was her intention, the only question remaining is, is the language of the power in her will sufficiently imperative to authorize the power to be carried out, or to permit the legatees in the " sixth " clause of the will, who are the beneficiaries of the power, to compel its execution.

I am of the opinion that the language used is sufficient; that there was created a power in trust for the benefit of the legatees in the " sixth " paragraph of the will, and that said power is imperative and imposes a duty on the grantee, who is the executor, which duty may be compelled by the legatees interested.

That by reason of the imperative power in trust given the executor by said " seventeenth " clause of the will, decedent's real estate was converted into personalty at the time of her death for the purpose of payment of said legacies. To hold otherwise, would but say that the language used by the testatrix was without mean-

ing and might well have been entirely omitted from her will. Such a construction cannot prevail. The language is clear and sufficiently strong to give full authority to the executor to sell and apply the proceeds, not to the twenty-nine heirs' at law, but to the payment of the legacies specified by the testatrix. This may be disappointing to the numerous heirs who hoped to inherit Miss Fagan's property, but it is her will, and the execution of the provisions thereof, that this court is concerned in having carried out to their fullest intent. Let a decree be entered accordingly.