Samuel Faile, S.
In this proceeding for a final settlement of its account as trustee, the court is requested to determine the disposition of one half of the residuary estate over which testator reserved a power of appointment. The testator died a resident of Maine on February 6,1922 leaving a will dated April 13,1920 which was duly admitted to probate by the Probate Court of Hancock County, Maine on March 14,1922. The executor having died, an administrator c. t. a. was appointed by that court and on May 20, 1924 his account was judicially settled. The decree settling the account approved the delivery of certain assets comprising the residuary estate to the trustee. On March 20, *186 1952 upon the allegation that the trust assets consisted of real property situated in Westchester County, letters of trusteeship were issued by the Surrogate of Westchester County to the petitioner as trustee of the Edith S. Fabbri trust created under article “ sixth ” of the will.
By article “ sixth ”, the testator directed that one half of his residuary estate be held in trust and that the income be paid to Edith S. Fabbri during her lifetime and that upon her death “ the principal of the trust fund created for her benefit shall be distributed to and among such issue of Teresa F. Clark, daughter of the said Edith S. Fabbri as I may designate in writing ”. On December 17, 1954 such trust was terminated by the death of Edith S. Fabbri and the remainder thereof is now ready for distribution. Teresa F. Clark had two children, both of whom are still living and both of whom were alive at the time of testator’s death. A construction of article “ sixth ” is necessary because testator failed to execute any designation in writing exercising the power of appointment reserved by his will.
In the absence of a contrary intention in the will the law of the domicile of testator determines the validity and effect of a will with respect to the disposition of personal property. (Decedent Estate Law, § 47; New York Life Ins. & Trust Co. v. Viele, 161 N. Y. 11; Davids on New York Law of Wills, § 452.) The validity and effect of a testamentary disposition of real property situated in the State of New York is regulated by the laws of New York without regard to the residence - of the decedent. (Decedent Estate Law, § 47.) At the time of death testator was domiciled in Maine. Accordingly the law of Maine is controlling with respect to the disposition of personal property and the law of New York with respect to the disposition of real property located within New York.
In construing a will courts are guided by the intention of the testator and this paramount canon of construction is as well recognized in the State of Maine as it is in the State of New York. (Bunker v. Bunker, 130 Me. 103; Dunn v. Morse, 109 Me. 254.)
There was no intention that any persons other than the issue of Teresa F. Clark receive or share in the remainder of the Edith S. Fabbri trust. The testator expressly directed that “ the principal of the trust fund created for her benefit shall be distributed to and among such issue of Teresa F. Clark, daughter of the said Edith S. Fabbri, as I may designate in writing ’ ’, but failed to provide for any alternative disposition ujpon a default in the exercise of such power. In Dunn v. Morse *187 (109 Me. 254, supra) the Supreme Judicial Court of Maine in dicta stated at pages 261-262: ‘ ‘ ‘ In the ordinary case of trusts for such persons of a class as the trustee shall select, when a duty to select is imposed upon the trustee by implication, a general intent to benefit the class is recognized, and the trust will not fail if the trustee accept it and then fails to make a selection.’ Minot v. Baker, 147 Mass. 350 ”.
The question as to whether the power reserved by the grantor under the terms of his will was an imperative power, the exercise of which devolves upon the court by reason of his failure to exercise such power, requires a consideration of the provisions of the Beal Property Law relating to powers. By section 131 of the Beal Property Law, a power is defined as “ an authority to do an act in relation to real property, or to the creation or revocation of an estate therein, or a charge thereon, which the owner, granting or reserving the power, might himself lawfully perform.” By section 133 of the Beal Property Law powers are classified as general or special, and as beneficial or in trust. Section 135 of .the Beal Property Law states that a power is special where “ The persons or class of persons to whom the disposition of the property under the power is to be made are designated.” Section 138 of the Beal Property Law provides that a special power is in trust where:
“ 1. The disposition or charge which it authorizes is limited to be made to a person or class of persons, other than the grantee of the power; or,
“ 2. A person or class of persons, other than the grantee, is designated as entitled to any benefit, from the disposition or charge authorized by the power.”
In this case, the court determines that the testator reserved to himself a special power in trust in that the persons to whom the disposition of the remainder of the Edith S. Fabbri trust was to be made were expressly limited to a specific class of persons other than the grantee, to wit, the children of Teresa F. Clark. Section 144 of the Beal Property Law provides: “ The grantor in a conveyance may reserve to himself any power, beneficial or in trust, which he might lawfully grant to another; and a power thus reserved shall be subject to the provisions of this article, in the same manner as if granted to another. ’ ’ Section 157 of the Beal Property Law provides: “ A trust power, unless its execution or non-execution is made expressly to depend on the will of the grantee, is imperative, and imposes a duty on the grantee, the performance of which may be compelled for the benefit of the person interested. A *188 trust power does not cease to be imperative where the grantee has the right to select any, and exclude others, of the persons designated as the beneficiaries of the trust. ’ ’ (Emphasis added.) In Smith v. Floyd (140 N. Y. 337), the court in an opinion by Maynard, J. stated at page 341: “If the disposing power is given, and it is not coupled with words which expressly, or by necessary implication, make the donee the final arbiter of its exercise, its execution must be decreed.” (Emphasis added.) The testator by express statement did not make himself the final arbiter with respect to the power of appointment and if the court were to determine that he had done so “by necessary implication ’ ’, it would in effect be imputing to him an intention to die intestate with respect to a large portion of his estate. The law indulges in a presumption that a person who executed a will intended to dispose of his entire estate and therefore, the courts favor a construction which avoids partial intestacy. (Matter of Miner, 146 N. Y. 121; Davids on New York Law of Wills, § 497.) Towler v. Towler (142 N. Y. 371) is distinguishable from the case at bar.
The general testamentary scheme, under which Ernesto Fabbri, brother of the testator, and Ernesto’s wife share the entire income from the residuary estate is further support for the position that the testator intended the children of Teresa F. Clark, the only descendants of the income beneficiaries of the residuary estate, as remaindermen of the Edith S. Fabbri trust. The court determines that the intention of the testator to benefit the children of his niece will not be defeated because of his failure to exercise the power. Accordingly, the court directs the trustee to distribute the remainder of the Edith S. Fabbri trust in equal shares between the two children of Teresa F. Clark, James Cameron Clark, Jr., and Edith Clark Milliken.