■ In the Matter of the Accounting of UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee under the Will of ALESSANDRO FABBRI, Deceased, Respondent. HENRY G. SEIPP, as Administrator C. T. A., D. B. N. of the Estate of EGISTO P. FABBRI, Deceased, et al., Appellants; JAMES C. CLARK, JR., Individually and as Executor of EDITH S. FABBRI, Deceased, et al., Respondents.— Proceeding by the trustee of a trust, created by the will of the decedent herein, for the judicial settlement of its account and for a construction of article sixth of the will by which a certain trust was created, to determine who is entitled to the corpus of the trust which had terminated by the death of the life beneficiary thereof. By said provision the testator directed the trustees to pay the income of said trust to his sister-in-law, Edith S. Fabbri, for life, and further directed that upon her death, either before or after the testator, "the principal of the trust fund created for her benefit, shall be distributed to and among such issue of Teresa F. Clark, daughter of said Edith S. Fabbri, as I may designate in writing." No such designation was made by the testator. At the time of the death of Edith S. Fabbri there were two living children of Teresa F. Clark. The heirs and next of kin, or their personal representatives, appeal from so much of the decree as construes article sixth of the last will and testament of Alessandro Fabbri and directs that the trustee distribute the

remainder of the trust created for the benefit of Edith S. Fabbri in equal shares between the two children of Teresa F. Clark. Decree of the Surrogate's Court, Westchester County, insofar as appealed from, reversed on the law and the facts, with costs to all parties filing briefs, payable out of the estate, and matter remitted to the Surrogate's Court, Westchester County, for the entry of a decree in accordance with the determination herein. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. Whatever may have been the intention in the mind of the testator, we are unable to ascertain from the language of the will any intention, at the time of its execution, to designate any remaindermen of the Edith S. Fabbri trust. On the contrary, he expressly reserved such designation for future determination which was never made. He therefore died intestate as to the corpus of that trust. (Cf. *Matter of Durand*, 250 N. Y. 45.) The learned Surrogate determined that the testator reserved to himself a special power in trust, in that the persons to whom the disposition of the remainder of the trust was to be made, were expressly limited to a specific class of persons other than the grantee, to wit, the children of Teresa F. Clark, and that because he did not, by express statement, make himself the final arbiter with respect to the power of appointment, nor had he done so " by necessary implication ", an imperative trust arose, and that the intention of the testator was to benefit the children of his niece, and directed distribution accordingly. Assuming, but not deciding, that the decedent reserved a power to designate the remaindermen of the Edith S. Fabbri trust, we are of the opinion, nevertheless, that the power reserved was neither in trust, nor was it imperative. Decedent was under no compulsion to make any designation but could, during his lifetime, with or without such reservation, have revoked the will, or modified it by codicil in such manner as to exclude those children altogether. (Cf. *Towler* v. *Towler*, 142 N. Y. 371.) Moreover, if it be assumed that it was the purpose of the testator to benefit the children of his niece by making a designation during his lifetime, that purpose could have been effected only by a new will, or by a codicil to the will which he made. Since that purpose was not so effected, the court is powerless to carry it into effect. In construing wills, courts may insert or leave out provisions, if necessary to aid the testator's intent and purpose (*Leggett* v. *Stevens*, 185 N. Y. 70), if the purpose inferred is so clear as to leave no hesitation in the mind of the court and to permit no other reasonable inference (*Dreyer* v. *Reisman*, 202 N. Y. 476). They have no power, however, to make a new will. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.