DEYO P. MATHEWSON, as Executor, etc., of ELIZABETH B. MATHEW-
SON, Deceased, Plaintiff, *v.* DEYO GEER and Others, Defendants.

Supreme Court, Steuben Equity Term, January, 1923.

Real property — action to foreclose land contract — wills — life estate —
power in executor to sell land after death of life tenant — when agree-
ment with life tenant does not give present right to sell — rights of
purchaser in possession under contract with executor — ownership of
crops — rents — fixed charges — purchaser cannot be compelled to
take title.

Testatrix gave and devised to her mother the rents, income and profits of a certain
farm which upon the death of the life tenant was devised to the husband of
testatrix in trust to receive the rent, income and profits and apply the same
towards the support and education of three sons until one of them became
thirty years of age, when the property was devised to said sons share and share
alike. Under the will the husband as executor had power to sell the farm
upon the death of the life tenant and before the termination of the trust. By
the terms of a writing with the executor the life tenant released to him all her
rights to the income of the farm upon the payment of an annual sum payable
in semi-annual installments, as long as she lived. The agreement further
provided that if the payments were not made at the times specified, the life
tenant at her option might consider the agreement void and of no effect. *Held*,
that under the release the executor had no right or power to sell the farm without
the consent of the life tenant.

About nine months after the vendee in a contract made with the executor to pur-
chase the farm had entered into possession thereof he gave the executor a note
for the amount of interest which had accrued on the contract up to December 1,
1921, during which year he had worked the farm and harvested the crops. In
the spring of 1922 having learned that there was a question as to the right of the
executor to make the contract to convey the farm he made no further payments
on the purchase price but continued in possession of the land and planted crops.
In an action to foreclose the contract, *held*, that the same was void, and as it
was uncertain whether plaintiff would ever have the right to give title to the
premises, it would be unfair and unjust to require the vendee to carry out the
agreement and make further payments thereon.

While the crops grown by the vendee will be held to belong to him, the plaintiff
as compensation for the use of the land will be allowed the benefit of permanent
improvements made by the vendee as well as all fixed charges thereon paid
or payable by plaintiff together with the amount payable by him for two years
to the life tenant and all taxes and assessments paid or unpaid, such sums to be
deducted from the down payment made by the vendee, the balance thereof
to be returned to the vendee and the note given by him for interest and the
chattel mortgage given to secure the same, will be canceled.

Where the vendee during his occupancy of the farm had certain timber cut to make
necessary repairs, it may be sold under a chattel mortgage given for work, labor
and services thereon and the balance of the proceeds, if any, after payment
of the mortgage, costs and expenses, will be paid over to plaintiff.

ACTION to foreclose land contract.

*Floyd W. Annabel,* for plaintiff.

*James O. Sebring,* for defendant Deyo Geer.

*James McCall,* for defendants Bath National Bank and James McCulley.

*Fred W. Hastings,* for defendant Clarence J. Tierney.

CUNNINGHAM, J.　This action is brought to foreclose a land contract in which the plaintiff agreed to convey to the defendant Deyo Geer a farm located in the town of Bath, Steuben county. The agreement was made on November 2, 1920. The vendee made the first payment of $1,000 on March 1, 1921, and entered into possession of the premises on April 1, 1921. On January 6, 1922, defendant Geer gave plaintiff a note for the amount of interest that had accrued on the contract up to December 1, 1921.

Geer worked the farm during the year 1921 and harvested the crops. In the spring of 1922 defendant Geer learned that there was a question as to the right of plaintiff to make the contract for the sale of the land and did not make any further payments thereon. However, he continued in possession of the land and planted crops.

On the 17th day of July, 1922, plaintiff commenced this action to foreclose the land contract and Mathewson was appointed receiver to take possession of the crops and logs upon the premises. The defendant Geer claims that plaintiff had no power to sell the premises; that the contract is void and asks that the moneys paid by him be returned.

Elizabeth B. Mathewson died leaving a last will and testament in which she gave and devised to her mother, Ella J. Winegar, the rents, income and profits of the farm in question during the term of her natural life. Upon the death of her mother the farm was devised to testatrix's husband, Deyo P. Mathewson, in trust, to receive the rents, income and profits and to apply the same towards the support and education of three sons until one of them became thirty years of age, when the property was devised to the three sons share and share alike. The husband, Deyo P. Mathewson, was appointed executor and given power to sell the farm " upon the death of my mother and before the termination of the trust above mentioned." This will was duly admitted to probate and the husband, Deyo P. Mathewson, qualified as executor thereof.

In October, 1919, Ella J. Winegar entered into an agreement with the plaintiff, as executor, in which she agrees that she " will and does hereby release all her rights to the income of said farm for and during the term of her natural life upon the payment of an annual sum of $117 to be paid in semi-annual installments as long as she lived." The agreement further provided that if the

payments were not made at the times specified " the party of the first part (Ella J. Winegar), at her option, may consider this agreement void and of no effect   *   *   *   the party of the second part to pay all taxes assessed against said farm."

It is to be noted that in this agreement Mrs. Winegar does not convey her interest in the farm but merely agrees that she will release to the plaintiff all her right to the income from it upon the payment of an annual sum of $117.   The general meaning of the word " release " is " to surrender a right or to discharge a liability," and when used in such sense does not operate to transfer title. *Amherst College* v. *Ritch,* 151 N. Y. 282, 338.

I cannot construe this release as evidencing any intention upon the part of Mrs. Winegar to convey to plaintiff her title in the premises.   The provision that if the annual payments were not made as specified she might consider the agreement void and of no effect shows the intention of the parties that in such case it was intended she should be in a position to collect her annual income from the rents and profits of the farm.   If she conveyed her interest in the farm there would be no reason for the provision in the agreement that the plaintiff should pay the taxes assessed against it.   This is evidence of the intention of the parties that the agreement should not convey Mrs. Winegar's interest in the farm.   I believe that under this release plaintiff did not have the right or power to sell the farm without the consent of Mrs. Winegar.   But, furthermore, the will gives the plaintiff power to sell the property only upon the death of the mother, Mrs. Winegar.   After her death and the termination of the trust the farm is devised to three sons and in the event of any of the sons dying leaving children surviving him, then their parent's share is devised to such children.   The executor did not have the power to sell the premises before the death of Mrs. Winegar, as it was the intention of the testatrix that the property should be kept intact during her life.   *Ranhofer* v. *Hall Realty Co.,* 143 App. Div. 237.

As the executor has no power to sell the lands his contract to do so must be held to be void.

The plaintiff claims that he may have the power to convey at the time the contract calls for the delivery of the deed and that, therefore, the contract should be held valid.   The will provides that when the son Malcolm Mathewson becomes thirty years of age the trust shall terminate and the property is then devised to the three sons share and share alike.   If Mrs. Winegar lives until Malcolm is thirty years of age the power of sale will never become operative and plaintiff will never have the power to convey.   As it is uncertain whether the plaintiff will ever have the right to give

title to the premises in question, it would be unfair and unjust to defendant Geer to require him to carry out the agreement and to make further payments under it. When a vendor, under an executory contract, is unable to perform as provided by the terms thereof a formal tender or demand on the part of the vendee is not required. *Brokaw* v. *Duffy*, 165 N. Y. 391.

Under the circumstances, it seems to me to be equitable to rescind the contract and to place the parties thereto in their former positions as nearly as may be.

Defendant Geer was in possession of the farm as of his own right under a land contract and he should be permitted to receive the fruits of his labor and the crops grown by him are held to belong to him. The plaintiff, as compensation for the use of the farm, will be allowed the benefit of permanent improvements made by defendant Geer, as well as all fixed charges thereon paid or payable by plaintiff. He is awarded $234, the amount payable by him for two years to the life tenant, also the amount of all taxes and assessments paid by him or assessed against the premises and not paid, such sums to be deducted from the $1,000 paid by defendant Geer and the balance thereof to be returned to said defendant. The note given by defendant Geer for the payment of the interest, and the chattel mortgage given to secure same, are canceled. As the crops are held to belong to defendant Geer, the chattel mortgages given thereon by him are valid and enforcible and the judgment entered herein may provide for the sale of such crops under the chattel mortgages.

During his occupancy of the farm, the defendant Geer had cut 4,000 or 5,000 feet of timber to make the necessary repairs to farm buildings. The defendant McCulley, who cut the timber, has a chattel mortgage on the logs for the amount of his bill for work, labor and services. These logs may be sold under this chattel mortgage and the balance of the proceeds, if any, after paying the amount secured and costs and expenses, will be paid over to plaintiff.

One bill of costs is awarded to the Bath National Bank and James McCulley, to be paid out of the proceeds of the sale of the articles upon which they have chattel mortgages, and one bill of costs to defendant Clarence J. Tierney, to be paid out of the proceeds of the sale of the crops upon which he has a chattel mortgage. The sums payable to all the parties will be fixed upon the settlement of findings. Findings may be prepared and judgment entered accordingly.

Judgment accordingly.