LOUIS F. HOLLENBACH, as Agent and Attorney for IRMA H. WARMBER et al., as Administrators with the Will Annexed of AUGUST C. DIESTELHORST, Deceased, Respondent, *v.* GEORGE H. BORN, Appellant.

**Executors and administrators — power of sale given to executors — Surrogate's Court Act, section 225, construed and held to empower administrators with will annexed to execute a power of sale given to the executors and convey a marketable title to testator's real estate although the act was not enacted until after probate of the will.**

1. The appointment of an executor always implies not only the exercise of discretion by the executor but also personal trust and confidence, yet the power and duty of an executor *virtuti officii* are vested in and exercised by an administrator with the will annexed.

2. The statute (Surr. Ct. Act, § 225; L. 1914, ch. 443) giving authority to an administrator with the will annexed, or a successor trustee, to execute a power of sale where the original executor or trustee could execute the same, although not retroactive or operating to change any vested right or to revive any lapsed right, provides a new method for the execution of the power without resort to the Supreme Court. The legislature had power to say how an outstanding and unexercised power of sale should be exercised after the death of the donee, except as the provisions of the will in terms make the power a personal one, ending with the life of the donee.

3. Under this statute (Surr. Ct. Act, § 225) administrators with the will annexed have power to execute a power of sale conferred by their testator's will and convey a marketable title to testator's real estate although the will was executed and admitted to probate several years before the enactment of the statute.

*Hollenbach* v. *Born*, 206 App. Div. 533, affirmed.

(Submitted February 25, 1924; decided April 1, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 21, 1924, in favor of plaintiff upon the submission of a controversy under section 546 of the Civil Practice Act.

On October 19, 1900, August C. Diestelhorst died

seized in fee of certain real property in the borough of Brooklyn. He left a will which was probated on March 28, 1901, which, after directing the payment of debts, etc., and bequeathing all his personal estate to his adopted daughter, devised all his real estate to her for life, and upon her death devised the same to her lawful issue. The will appointed his friends Charles Kelbe and Adolph Droste executors, gave them or their survivors " full power and authority to sell and dispose of my real estate, or any part thereof, at such times and in such manner as they may deem best, and to give good and sufficient deed or deeds of conveyance therefor. It is my will and intention, however, that the proceeds of any sale made pursuant to the above power shall be deemed and considered to be real estate."

The will is dated May 3, 1887. By a codicil dated June 18, 1898, he appointed Samuel T. Maddox executor in the place of Adolph Droste, deceased. Charles Kelbe, the other executor, is also dead. On February 9, 1923, letters of administration with the will annexed of said decedent were issued to Irma Hauptmann Warmber and Louis F. Hollenbach, the sole executor, Samuel T. Maddox, having died leaving the estate unadministered. Thereafter Louis F. Hollenbach, as agent and attorney for himself and Irma Hauptmann Warmber, as administrators with the will annexed of the decedent, contracted to convey to the defendant a good and marketable title to the premises in question, and the defendant agreed to purchase it and pay the stipulated price. Defendant has rejected the title as unmarketable for the reason that under the will of the testator the power of sale given to the executors was merely discretionary; that no equitable conversion was effected, and that plaintiff's principals as such administrators with the will annexed of the decedent, did not succeed to and were not vested with the power of sale given to the executors, and that he is entitled to recover back the $1,000 down payment on signing the

contract. The controversy is whether upon these facts plaintiff is entitled to judgment directing the defendant to complete his purchase or whether defendant is entitled to judgment that the title is unmarketable and to recover back the deposit.

*Frederick C. Lawyer* for appellant. The second sentence of section 225, Surrogate's Court Act (formerly section 2695, Code of Civil Procedure), has no retroactive effect, and the administrators with the will annexed of August C. Diestelhorst are thereby given no power to sell the real estate under the will by which their predecessor executors were given only a discretionary power of sale. (*Palmer* v. *Conley*, 4 Den. 374; 2 N. Y. 182; *Benton* v. *Wickwire*, 54 N. Y. 226; *People ex rel. P. S. L. Assur. Society* v. *Miller*, 179 N. Y. 227; *Hess* v. *Hess*, 233 N. Y. 164; *Simmons* v. *Burrell*, 8 Misc. Rep. 388; *People* v. *Powers*, 147 N. Y. 104; *Jacobus* v. *Colgate*, 217 N. Y. 235.)

*Louis F. Hollenbach* for respondent.

POUND, J. Before the revision of the section of the Code of Civil Procedure relating to Surrogates' Courts in 1914, now the Surrogate's Court Act, section 2613 of the Code provided that administrators with the will annexed shall " have the rights and powers * * * as if they had been named as executors in the will." It was held, however, that a naked power of sale of real estate conferred upon the persons named as executors of a will, discretionary in the sense that it is not imperative, unnecessary for the testator's scheme of administration of his estate, did not pass to the administrator with the will annexed, not for the reason that the power was discretionary, but for the reason that it was not annexed to the office of executor and did not pass to those who succeeded to the general administration of the estate. (*Clift* v. *Moses*, 116 N. Y. 144; *Coann* v. *Culver*, 188 N. Y. 9.)

As was said by FINCH, J., in *Mott* v. *Ackerman* (92

N. Y. 539, 553): " It will not do to say, * * * that whenever a trust or trust power is conferred upon executors, relating to real estate, some personal confidence distinct from that reposed in executors is implied. An executor is always a trustee of the personal estate for those interested under the will." The appointment of an executor always implies not only the exercise of discretion by the executor but also personal trust and confidence, yet the power and duty of an executor *virtuti officii* are vested in and exercised by an administrator with the will annexed.

Other powers vested in the person named as executor do not lapse when the executor dies although they are not vested in his successor by operation of law. (*Greenland* v. *Waddell*, 116 N. Y. 234.) The power of sale is a power in trust, which although discretionary, might on the death or removal of executors be executed by a person appointed for that purpose. Under the Revised Statutes, upon the death of a trustee of an express trust, or the donee of a power in trust, the trust or the power in trust vested in the Court of Chancery to be exercised by its appointee. (Chap. 6, §§ 68, 102, now Real Property Law [Cons. Laws, ch. 50], §§ 111, 182.) Although the question whether these provisions applied to a discretionary power of sale conferred on the executors of a will was held open in *Coann* v. *Culver* (*supra*), although no reported case seems to have depended solely upon its application, and although a dictum appears in *Lahey* v. *Kortright* (132 N. Y. 450, 456) that " a mere power of sale is discretionary and does not survive the donee of the power," the rule has often been stated as applying to such a power. (*Cooke* v. *Platt*, 98 N. Y. 35, 39.)

For the purpose of doing away with the confusion arising out of the many cases on the subject, the revisers of the sections of the Code of Civil Procedure dealing with Surrogates' Courts added to section 2613, renumbered section 2695, now section 225, Surrogate's Court Act

(L. 1914, ch. 443), the following: "Where power to mortgage, lease or sell real estate is given by a will to an executor or trustee, an administrator with the will annexed or a successor trustee may execute such power in any case where the original executor or trustee could execute the same, unless contrary to the express provisions of the will."

Provision is made that in fixing the penalty of the bond of an administrator with the will annexed the surrogate shall take into consideration the value of the real property or proceeds thereof which may come into the hands of the administrator with the will annexed by virtue of any provision contained in the will. (Code Civ. Pro. former § 2645, renumbered § 2605; Surrogate's Court Act, § 135.)

The appellant contends that the amendment of 1914 above quoted vests no authority in the administrators with the will annexed because the will of the testator was dated May 3, 1887, and probated March 28, 1901; that no contrary intention appearing, the law must be construed as operative only upon wills taking effect subsequent to the amendment of 1914, and the powers of administrators with the will annexed of wills thereafter probated. (*Anderson* v. *Mather*, 44 N. Y. 249.) Doubtless the amendment relates only to the powers of administrators in the future. It is not curative in its character, nor is it intended to have a retroactive effect on deeds of administrators antedating its enactment. It looks to the future and is applicable only to subsequent acts.

Unless a contrary intention appears, laws operate only in the future and upon future transactions (*Rhodes* v. *Sperry & H. Co.*, 193 N. Y. 223; *Standard C. & M. Corp.* v. *Waugh C. Corp.*, 231 N. Y. 51, 58), but changes in the form of remedies constitute an exception. (*Jacobus* v. *Colgate*, 217 N. Y. 235, 240.)

The legislature may at its will define the future powers of administrators with the will annexed unless in so doing it changes existing substantive rights. It is not within

the power of the legislature to change vested rights of persons in property. (*People* v. *Powers,* 147 N. Y. 104, 109.) But no such change is here effected. The life tenant and the remaindermen took the real property of the testator subject to the execution of a power of sale which did not lapse by the death of the executors. The amendment does not purport to revive a lapsed right. If it did, it would be inoperative. It does not create a power where no power existed. A new method is provided for the execution of the power without resort to the Supreme Court. No radical modification was made in the existing law. The estate of the life tenant and the remaindermen is not abridged. It was competent for the legislature to say how an outstanding and unexercised power of sale should be exercised after the death of the donee, except as the provisions of the will in terms make the power a personal one, ending with the life of the donee. It has done no more. In the absence of words of exclusion, the amendment is applicable to the powers of administrators with the will annexed appointed after its adoption, although the will took effect before. (*Sackheim* v. *Pigueron,* 215 N. Y. 62.) It is not necessary to give it a retroactive effect to make it operative. It applies to deeds of conveyance executed after it took effect and does not operate to modify existing wills.

It is urged that the life tenant and the remaindermen are more effectively protected by the administration of the power in the Supreme Court. We see little force in the contention. The tendency has been to enlarge the powers of the Surrogate's Court in the administration of estates and, for substantial reasons of simplicity and convenience, to confer upon it some jurisdiction previously exclusively exercised by the Supreme Court. The surrogate has power, for example, to appoint successors to testamentary trustees who may proceed and execute the trust. (Surrogate's Court Act, § 168; *Royce* v. *Adams,* 123 N. Y. 402.)

The rights of the beneficiaries are amply protected on proceedings for the appointment of administrators with the will annexed.

The judgment should be affirmed, without costs.

CARDOZO, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; HISCOCK, Ch., J., absent.

Judgment affirmed.