DEYO P. MATHEWSON, as Executor, etc., of ELIZABETH B. MATHEWSON, Deceased, Appellant, *v.* DEYO GEER and Others, Respondents.

Fourth Department, July 1, 1924.

Vendor and purchaser — action by executor for specific performance of land contract — defense by purchaser that plaintiff did not have power sustained — purchaser must account for profits — since timber was cut on premises by purchaser infant remaindermen must be made parties.

In an action by an executor to compel specific performance of a land contract by the defendant the defense that the executor did not have power to make a contract is sustained but the defendant will be required to account to the plaintiff for the profits of the farm during his occupation.

The Appellate Division cannot modify the judgment so as to leave the value of the use and occupation for the referee to determine upon the accounting since it appears that timber has been cut from the land and, therefore, the infant remaindermen must be made parties to the action in order that the matters in controversy may be finally determined.

APPEAL by the plaintiff, Deyo P. Mathewson, as executor, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Steuben on the 21st day of August, 1923, upon the decision of the court rendered after a trial at the Steuben Special Term.

*Floyd W. Annabel,* for the appellant.

*James O. Sebring,* for the respondent Geer.

*James McCall,* for the respondents the Bath National Bank and another.

SEARS, J.:

The plaintiff clearly had no power to make the contract of sale with the defendant Deyo Geer. Relief by way of enforcement of the contract was, therefore, properly denied the plaintiff. But, implied in the defendant Geer's defense is a duty to restore the plaintiff as nearly as possible to his position when the contract was made. (39 Cyc. 1422, 1438.) This involves a duty on the part of defendant Geer to account to plaintiff for the profits of the farm during his occupation. He was not a party to the transaction between Mrs. Winegar and the plaintiff, and the profits which he must repay bear no necessary relation to the amount which the plaintiff was to pay Mrs. Winegar under plaintiff's contract with her.

We would be content to modify the judgment so as to leave

the value of the use and occupation for the referee upon the accounting which has been ordered were it not for the matter of the cutting of the timber. This subject involves the rights of persons not parties to this litigation, namely, the plaintiff's three children, who are remaindermen. The plaintiff's three children should, therefore, be brought in as parties in order that the matters in controversy may be finally determined.

The judgment should be reversed on the law and the facts, without costs, and a new trial granted.

All concur; HUBBS, P. J., not sitting.

Judgment reversed on the law and facts and new trial granted, without costs.