In the Matter of the Estate of JOHN SPRUCE, Deceased.
Surrogate's Court, Monroe County, January 21, 1947.

*J. Allan Willis* for Jennie S. Kennell and another, petitioners.

*D. Mordecai Greenberg* for Mary S. Kennell, respondent.

Witmer, S. The testator died February 8, 1912, and his will, dated March 29, 1892, was admitted to probate in this court on June 21, 1912. He gave all of his personal property to his wife absolutely and gave all of his real estate to her for life. He further provided: " Fourth. I give, devise and bequeath all the rest, residue and remainder of my estate both real and personal to Hollister A. Hamilton, in trust, to sell and dispose of the same, and convert the whole into money, or into good and safe securities, and to divide the net proceeds thereof into four equal shares or parts, and to pay the same to the following persons or their heirs, to wit: To my brother James Spruce one of said equal shares or parts: To my brother Stephen Spruce one of said equal shares or parts: To my nephew William Davis one of said equal shares or parts: To my sister Sarah Ann Brind, of Aldbourne, Wiltshire, England, the remaining of said one equal shares or parts. * * * Sixth. I hereby constitute and appoint my wife, Ann Jane Spruce, and Hollister A. Hamilton executors of this my last will and testament, hereby revoking all former wills by me made."

The widow and Hollister A. Hamilton qualified as executors. The transfer tax proceeding showed that the testator left no personalty except clothing. His real estate consisted of a farm of about forty-seven acres, situated in the town of Gates, Monroe County. His widow enjoyed the use of this farm until her death on January 11, 1934. On March 16, 1934, said Hollister A. Hamilton, then a resident of the city of Elmira, New York, filed a renunciation of his right to serve as trustee under said

paragraph " Fourth ". The executors never made an accounting, and neither was ever discharged, except by death. It does not appear that Hollister A. Hamilton, the surviving executor, has died. Orally the court is advised that one of the petitioners, Maud I. Ralston, has attended to the renting and management of the farm premises in behalf of the beneficiaries or their heirs since the death of the life tenant. The four legatees named in paragraph " Fourth " have died, it appearing that some predeceased the testator. The successors or heirs of said four legatees, so far as known, are listed in the petition now presented for the appointment of a successor trustee. A woman of advanced years, Jennie S. Kennell, the daughter of James Spruce, and Maud I. Ralston, the daughter of William Davis, are the petitioners. Although in their petition they suggest no name as successor trustee, in the citation which they have had issued they ask the parties to show cause why one Earl L. Kennell, son of Jennie S. Kennell, and said Maud I. Ralston should not be appointed. An order was obtained specifying the service to be made upon the interested parties. All of the representatives in the State of New York of said four original legatees have been personally cited herein. None of the other of such representatives has been personally served herein, but service has been made by mail in compliance with the order. Some of the legatees named in paragraph " Fourth " of the will predeceased the testator. The gift of the four equal parts was made " to the following persons or their heirs ". Since this is not a construction proceeding, such language is not here construed, except to hold that for the purpose hereof the heirs of the named legatees who predeceased the testator are deemed interested herein. The words " or their heirs " appear to be in substitution and to constitute words of purchase. (*Matter of Evans*, 234 N. Y. 42; but see *Steinway* v. *Steinway*, 163 N. Y. 183, 195–196.)

Only one person, a sister of one of the petitioners, has appeared herein. She has filed objections to the petition on the grounds that no valid trust is created by the will and that no trustee has been appointed under said will and there is no one to be succeeded; and she asks that the petition be dismissed, with costs. In support of her objections she urges that the proper procedure is the appointment of an administrator with the will annexed, but that such cannot be done in this proceeding because all parties in interest have not been duly cited.

What name is given to the person to be appointed to complete the directions of the will herein would not seem to be of great

practical significance; but the title to real estate is at stake, and care must be taken to avoid, if possible, the creation of additional problems for a purchaser. Although petitioners have asked for the appointment of a successor trustee, the petition shows precisely what is sought to be accomplished, and it is sufficient to support the appointment of an administrator with the will annexed, if one is needed. It is not questioned that sufficient service has been made for the appointment of a successor trustee, under section 168 of the Surrogate's Court Act and section 111 of the Real Property Law. There can be no doubt that all parties required to be cited upon the appointment of an administrator with the will annexed have been cited. All of the named residuary legatees have died. If " their heirs " are not " purchasers ", the provisions of section 118 of the Surrogate's Court Act apply with respect to the appointment of an administrator *c. t. a.* (Surrogate's Ct. Act, § 133.) All persons required to be cited under either section have been duly cited. (Surrogate's Ct. Act, §§ 134, 120.) Accordingly, in this case the only difference respecting the court's power of appointment is that if a successor trustee is appointed no order of priority controls and none of the parties need be named, although the right to exclude them will be sparingly exercised (Surrogate's Ct. Act, § 168; *Powers* v. *Powers,* 189 App. Div. 112, 115), whereas, if an administrator *c. t. a.* is appointed, the order of priority limits those entitled to letters. (Surrogate's Ct. Act, § 118; *Matter of Eggsware,* 123 Misc. 548.) Thus Earl L. Kennell, the son of Jennie S. Kennell, may not be named administrator with the will annexed in the absence of the consent of the interested parties; but the petitioners and the respondent, as well as several others, are eligible for such appointment.

A direct way of avoiding difficulties with a purchaser would be to name one of the petitioners administrator *c. t. a.* and successor trustee to effect the sale and distribution. However, since it is not shown that the executor, Hollister A. Hamilton, who survived the widow coexecutor, is dead, no administrator *c. t. a.* may yet be appointed. It is proper, therefore, to consider whether (1) the said surviving executor, Hollister A. Hamilton, if living, or if dead, an administrator *c. t. a.,* or (2) a successor trustee, may exercise the power of sale.

No active trust was created by the will herein, for the trustee was given no duty but to sell and distribute. (Real Property Law, § 96, subd. 2; § 97; *Chamberlain* v. *Taylor,* 105 N. Y. 185; *In re Freedman's Will,* 35 N. Y. S. 2d 11, 14, mod. on other

grounds and affd. 266 App. Div. 748; and see *Matter of Graczyk,* 66 N. Y. S. 2d 750, WITMER, S.) However, the provision to sell is imperative and amounts to an equitable conversion. (*Lent* v. *Howard,* 89 N. Y. 169, 177; *Mott* v. *Ackerman,* 92 N. Y. 539; *Russell* v. *Hilton,* 80 App. Div. 178, 186–187, affd. 175 N. Y. 525; *Bogert* v. *Hertell,* 4 Hill 492, 500–502; *Williams* v. *Williams,* 152 App. Div. 323; *Matter of Trombly,* 138 Misc. 220; *Matter of Graczyk, supra;* Real Property Law, § 157.) The title does not vest in the trustee, but in the legatees, subject to the execution of the power of sale. (Real Property Law, §§ 97, 101.)

It has been held that there are three essentials to a valid trust, to wit, (1) a beneficiary, (2) a trustee other than the beneficiary and (3) a fund the title to which passes to the trustee. (*Brown* v. *Spohr,* 180 N. Y. 201; 2 Warren's Heaton on Surrogates' Courts [6th ed.], § 201, par. 1, subpar. [a].) Here we have the first two elements, but by statute the third is lacking. However, the very statute which declares that the third element does not exist, specifically provides that it is a sort of express trust, and is a valid power in trust, which the trustee may be compelled to execute. (Real Property Law, § 96, subd. 2; §§ 97, 99, 137, 157.)

It should be noted that the will gave no power of sale to the executors. It having been executed in 1892, the executors have no power to sell the real property, unless such power may be fairly implied. (*Mathewson* v. *Geer,* 120 Misc. 120, affd. as to this point but revd. on other grounds, 210 App. Div. 160.) Clearly, therefore, the widow coexecutor had no power of sale. The devise of the property to Hollister A. Hamilton in trust to sell was a devise to one who was later in the will named as executor. It may be argued that the power of sale was given to him individually in trust because he was to be one of the executors, and that by implication it is a power of sale to him as executor also. However, no authority is found for such implication; and it appears contrary to the intention of the testator who undoubtedly attempted to create a valid active trust, which is limited by virtue of the statute.

Formerly the execution of powers was considered an executorial function. " ' Powers are never imperative; they leave the act to be done at the will of the party to whom they are given. Trusts are always imperative, and are obligatory upon the conscience of the party intrusted.' " (Farwell on Powers [3d ed.], p. 10, quoting WILMOT, C. J., writing in Wilmot, 23; and see 41 Am. Jur., Powers, § 92, p. 871.) By statute many powers have

become mandatory and in the nature of a trust. As above noted the power of sale in the instant will is imperative and by statute it constitutes an express trust (Real Property Law, § 96, subd. 2), but is limited to a power in trust. (Real Property Law, §§ 97, 99, 137, 157.) It is a valid power in trust. (*Murray* v. *Miller*, 178 N. Y. 316, 323–324; cf. *In re Sutta's Estate*, 54 N. Y. S. 2d 572, 579, and cases cited.) In some instances the statute refers to the donee of a power in trust as a " trustee of a power ". (See Real Property Law, § 160.)

There is no doubt that this court has authority to appoint a successor trustee of a valid active trust. (Real Property Law, § 111; Surrogate's Ct. Act, § 40, subd. 2; § 168; *Matter of Runk,* 200 N. Y. 447; 2 Warren's Heaton on Surrogates' Courts [6th ed.], § 201.) Since September 1, 1945, express statutory authority has existed for this court to appoint a successor trustee where such a trust has terminated, and in the surrogate's discretion the appointment is necessary to make distribution. (Surrogate's Ct. Act, § 168.) The Supreme Court exercised such authority prior to that amendment. (*Forman* v. *Young,* 166 App. Div. 815, affd. 222 N. Y. 516.)

It has been said that in this State " * * * there seems to be a conflict of opinion as to whether an unexecuted power of sale given to executors or trustees vests in the supreme court, or passes to an administrator with the will annexed." (56 A. L. R. 224, 227; and see *Mott* v. *Ackerman,* 92 N. Y. 539, 552, *supra.*) This is because of the doubts as to the essential character of the power, and the many variable factors entering into the different cases. A statement of certain principles of law relating to powers may be of some help in considering this problem.

Formerly, where the power of sale was given to an executor or trustee to exercise in his discretion, it was held that the power terminated upon the death of the donee of the power, and an administrator *c. t. a.* or successor trustee could not exercise it. (*Coann* v. *Culver,* 188 N. Y. 9; *Matter of Finck,* 103 Misc. 526, 528.) Such is still the holding where it appears from the will that the testator did not intend the discretionary power to survive. (*Matter of Frech,* 220 App. Div. 126, affd. 246 N. Y. 552.) Since amendment of the statute, however, where there is a discretionary power of sale in connection with the executorial duties, and the executor dies before completing such duties, an administrator with the will annexed may exercise such power of sale. (Surrogate's Ct. Act, § 225; *Hollenbach* v. *Born,* 238 N. Y. 34.) In the case of a discretionary power of sale,

whether lodged in the executor, administrator *c. t. a.* or trustee, the title vests in the beneficiaries, subject only to a proper exercise of such power of sale. A sale by the holders of the fee will effectively cut off the discretionary power of sale, without more. (*Steinway* v. *Steinway,* 163 N. Y. 183, 200-201, *supra; Bankers Trust Co.* v. *Firth,* 177 Misc. 797, 802.) In such case, of course, the purchaser should be satisfied that debts of the testator do not encumber the conveyance.

A discretionary power of appointment may not be exercised after the death of the donee of the power. (*Coleman* v. *Beach,* 97 N. Y. 545; *Towler* v. *Towler,* 142 N. Y. 371, 375-376.) In the *Towler* case (*supra*) the court said at page 376: "It is only when the power is a trust that a court of equity will decree its execution." Where the power of appointment is mandatory, and the donee fails to exercise it, the court will regard that as done which the trustee in equity should have done, and will hold that the beneficiaries take equal shares in such lands. (*Smith* v. *Floyd,* 140 N. Y. 337; Real Property Law, § 160.)

Where a mandatory power of sale is given to an executor only, it may be exercised by the administrator *c. t. a.* (*Mott* v. *Ackerman,* 92 N. Y. 539, *supra;* 26 R. C. L., Trusts, p. 1339, § 203; 41 Am. Jur., Powers, § 99.) Such power of sale cannot be extinguished unless all of the beneficiaries elect to reconvert and instruct the donee of the power that they choose to extinguish the power, and the will does not expressly prohibit it. (*Trask* v. *Sturges,* 170 N. Y. 482; *Mellen* v. *Mellen,* 139 N. Y. 210, 220; *Williams* v. *Williams,* 152 App. Div. 323, *supra; Matter of Trombley,* 138 Misc. 220, *supra,* and cases cited.) Where the title to the real estate vests in the remaindermen, subject only to a mandatory power to sell and divide the proceeds, the land becomes personalty and the beneficiaries hold the naked fee of the land and the right to a share in the proceeds of the sale. (*Salisbury* v. *Slade,* 160 N. Y. 278, 290; *Matter of Trombly, supra;* and see *Morse* v. *Morse,* 85 N. Y. 53, 59.)

Where the testator has named no trustee or donee of the power and still has directed that the realty be sold and the proceeds divided, there is authority that by implication the power vests in the executors. (*Bogert* v. *Hertell,* 4 Hill 492, 500, *supra; Meakings* v. *Cromwell,* 5 N. Y. 136.) But where the power of sale is mandatory and the testator has named an executor and trustee, even though he be the same person, it has been held that an administrator *c. t. a.* cannot exercise the power of sale, but a trustee must be appointed for such purpose. (*Lahey* v. *Kortright,* 132 N. Y. 450; *Horsfield* v. *Black,* 40 App. Div.

264, 267; *Kelsey* v. *McTigue*, 171 App. Div. 877, 880.) In these cases the trustee received a share in the real estate with the others as tenants in common, he holding his share in a valid active trust for third parties, and he was also given a power of sale of all of such lands. Some of the courts stated that the legal title to all of the lands was in the trustee, but such does not appear to have been the true legal situation, any more than would be the case if Hollister A. Hamilton in this case were also one of the beneficiaries. The cases are, therefore, directly in point.

In *Matter of Christie* (59 Hun 153) the court reversed the Special Term order appointing a trustee and held that the testamentary provisions constituted an unlawful suspension and so the trust failed; but it further held that a valid power in trust existed, that it could have been exercised by the executor and trustee in his lifetime, and since he died, an administrator with the will annexed could exercise it, and it was not necessary for the Supreme Court to appoint a trustee of the power. At page 156 the court said: " She held that power in trust as a part of her authority as executrix, not as any independent power." The case was reversed by the Court of Appeals (*Matter of Butterfield*, 133 N. Y. 473) on the ground that since the trust was void because of the unlawful suspension, it could not be saved as a power in trust. The court indicated its doubt as to the correctness of the General Term's ruling as to whether an administrator *c. t. a.* or a trustee should be appointed, in these words (p. 477): " Without, therefore, considering whether this trust power could or could not be exercised by an administrator with the will annexed, it is enough to say that the court will not appoint a new trustee in room of one deceased where it is plainly and clearly apparent that the trust or power in trust is void."

In *Forman* v. *Young* (166 App. Div. 815, affd. 222 N. Y. 516, *supra*) the court held that after an express trust has terminated and the fee has vested in the remaindermen, where the trustee dies the court may appoint a successor trustee to effect the sale and distribution. The only difference between that case and the provision in question is that here the valid express trust was never active and so no trustee of an active trust could have served. The intended active trust may be said to have terminated at once, leaving only a power in trust in the donee. The case of *Matter of Eggsware* (123 Misc. 548, *supra*) relied upon by the respondent, is distinguishable because there the realty was merely subject to the encumbrance of a life use and there was no power in trust created, but there was a power of

sale in the executor. Here we have just the opposite — no power of sale in the executor, but a power of sale in a trustee who has renounced.

It appears from the cases that some of the courts have felt that such a power in trust may be exercised by *either* a successor trustee or an administrator with the will annexed. (*Mott* v. *Ackerman,* 92 N. Y. 539, 552–553, *supra; Hollenbach* v. *Born,* 238 N. Y. 34, *supra; Williams* v. *Williams,* 152 App. Div. 323, 325, *supra;* and see *Cooke* v. *Platt,* 98 N. Y. 35, 39.) This seems sound. As noted in the *Hollenbach* case (*supra*) the Legislature has extended the powers of administrators *c. t. a.* as well as the powers of the Surrogates' Courts in respect of the appointment of successor trustees. These cases assume that a trustee or other representative of the court could execute the trust, but hold that an administrator with the will annexed can now do so likewise. The power of sale in question has some of the characteristics of duties of an executor, and as before noted, is also much like an active trust. Where the executor has a general power of sale but the real estate is given to another under a valid power in trust, upon the death, renunciation or resignation of both, the successor of either should now be allowed to execute the trust. There is no sound reason why the surrogate should not be allowed to exercise his discretion in each particular case as to which should be appointed, provided all of the necessary parties in either event are before the court.

The respondent has argued that there is personalty in this estate and hence an administrator with the will annexed is needed anyway. Since the tax deposition shows that there was no personalty in the estate, it appears that the assertion that there is personalty is based upon the sole fact of the claim that rents have been collected since the widow's death and should be accounted for. However, such rents do not constitute personal property in this estate. The title of the real estate was vested in the beneficiaries as tenants in common. If one of their number has received the use of the property since the widow's death, presumably he or she is accountable to the other co-owners therefor. That is a matter foreign to the present application. (*Coann* v. *Culver,* 183 N. Y. 9, *supra.*)

Since the executor has no power of sale, the application for the appointment of successor trustees is granted, and upon presentation of a proper order therefor, Maud I. Ralston and Earl L. Kennell will be so appointed. Before receiving their letters of trusteeship they shall file a bond in an amount to be fixed by the court upon a proper showing. (Real Property Law, § 111; Surrogate's Ct. Act, § 167.)

If difficulty is experienced by the trustees in marketing the title to a cautious purchaser, it may be found of practical help and saving of further litigation to have the executor join in the deed. If he is dead or is permitted to resign in the meantime, an application may be made to have said Maud I. Ralston also appointed administratrix with the will annexed.

Submit order accordingly.