DANIEL SLOAN, Plaintiff, *v.* RALPH L. RICE, Defendant.

Supreme Court, Special Term, Kings County, February 16, 1950.

*Whitehorn & Cowin* for plaintiff.

*Edward J. McCann* for defendant.

BELDOCK, J. Plaintiff moves for summary judgment under rule 113 of the Rules of Civil Practice and defendant in opposition asks for a dismissal of the complaint and judgment of specific performance.

The action is brought to recover the down payment on a contract for the sale of real property, plus title search fees; to have the same declared a lien against the property, and for a foreclosure of the lien. The answer, in addition to general denials, sets up an affirmative defense seeking specific performance.

A contract to purchase real property was entered into between the parties and the date of closing fixed. Thereafter plaintiff received a title company report advising that the title was defective and unmarketable. From this report it appears that one Benjamin F. Bates died in Kings County in September, 1919, owning the premises in question. By his will his estate was devised to his wife, Mary Bates, for life and after her death was bequeathed to their seven children share and share alike. The wife was named sole executrix in the will with authority to sell ·and convey the property at public or private sale upon such terms as she deemed proper. The wife died in 1930 and shortly thereafter letters of administration *c. t. a.* on the estate of Benjamin Bates were issued to Richard A. Bates. Fourteen years later, and in 1944, the administrator *c. t. a.* executed a deed to the property conveying it to one Delmer D. Martin for $1,000. Defendant purchased the property from said Martin in 1945. At the time of the conveyance from the administrator *c. t. a.* to Martin the property was assessed at $8,200, $4,000 being allocated to land value.

In determining the rights of the litigants in this action it is not necessary for the court to find that the title is, in fact, good or bad. As was recently held by FULD, J., writing for the Court of Appeals in *Hollywood Plays, Inc.* v. *Columbia Pictures Corp.* (299 N. Y. 61, 65): " A purchaser or one who undertakes to buy will not be compelled to abide by his promise if the seller proffers a title which is prey to doubts and challenges, which threatens to involve the buyer in costly litigation." (Citing *Lynbrook Gardens* v. *Ullmann,* 291 N. Y. 472, 477; *Van Vliet & Place* v. *Gaines,* 249 N. Y. 106, 110; *Brokaw* v. *Duffy,* 165 N. Y. 391, 399; *Heller* v. *Cohen,* 154 N. Y. 299, 306; *Vought* v. *Williams,* 120 N. Y. 253, 257.)

In *Vought* v. *Williams* (120 N. Y. 253, 257) the court wisely said: " A purchaser is not to be compelled to take property the possession of which he may be compelled to defend by litigation." The law is well settled in this State that where a title is so clouded by apparent defects that prudent men, knowing the facts, would hesitate to take it, the purchaser is excused from performing (*Brokaw* v. *Duffy,* 165 N. Y. 391).

Applying this rule, the court must determine in the instant case whether there is any cloud upon the title sufficient to relieve the purchaser from his contract. From an examination of the provisions of the will it appears that the power of sale which the testator gave to his wife, as sole executrix, was to be exercised at her discretion; if she desired she could sell the realty during her lifetime and have the benefits of the proceeds thereof. This power of sale was not mandatory but discretionary. No sale took place during her lifetime. Accordingly it would appear that title to the real property vested or devolved directly to the remainderman by virtue of the will itself. We cannot overlook the serious cloud upon this title which results from the attempt of the administrator *c. t. a.,* twenty-three years after the death of the testator and fourteen years after the death of the life tenant, to exercise a power of sale granted to the wife which she did not exercise during her lifetime.

The defendant's contention that the title is good and marketable, upon the assumption that section 225 of the Surrogate's Court Act grants the administrator the power of sale contained in the will, is untenable. If the power of sale lapsed upon the death of the wife, no new power was created by this section (*Hollenbach* v. *Born,* 238 N. Y. 34, 39).

Based upon the facts here presented, two title companies have refused to insure the title. While this is not binding upon the

court it is apparent that plaintiff would be purchasing a litigious claim rather than an unclouded title to real property to which he is entitled under the law. It is conceivable that anyone of the several remaindermen may at some future date attack the conveyance by the administrator *c. t. a.* or the sufficiency of the consideration that passed from Delmer Martin to Richard A. Bates. A prudent person confronted with these facts would hesitate to take this title as there exists a reasonable doubt concerning the validity of the conveyance from the administrator *c. t. a.*

Plaintiff's motion for summary judgment is granted. Defendant's motion is denied. Settle order on notice.