In the Matter of the Accounting of GENEVIEVE A. FURLONG et al., as Surviving Trustees under the Will of WILLIAM M. FURLONG, Deceased.

Surrogate's Court, Monroe County, July 29, 1952.

*Vincent J. Mulvey* for surviving trustees, petitioners.

*Clarence E. Hamilton* for C. Norbert Baglin, as executor of Mary E. Furlong, deceased, and another, respondents.

WITMER, S. The court is asked to construe testator's will dated June 26, 1930, to determine whether all of the legacies provided for therein, with the exception of the one in trust for the life of his widow, Leah M. Furlong, are now payable. The widow is still living. It appears that testator's principal assets at the time of his death in August, 1930, consisted of investment real estate. The pertinent parts of his will are as follows:

" *Second* — I give, devise and bequeath all my real property to my Executors in trust, for the following named persons and direct, authorize and empower them to collect the rents and incomes and divide and distribute both income, and principal in case of sale, in the following parts, and for this purpose I regard my real estate as divided in twenty-four (24) parts.

" To pay to my wife, Leah M. Furlong, in lieu of Dower, eight parts or 1/3 of the income and in case of sale the life use of 8 parts or 1/3 of the principal, and upon the death of my said wife I give devise and bequeath such principal (Whether real or personal) to my following Named brother and sisters or the survivors of them, if any has passed away in equal shares — Namely, James E. Furlong, Mary E. Furlong, Genevieve A. Furlong.

" Third — I give, devise and bequeath nine (9) of such parts of income and principal in case of sale to James E. Furlong, Mary E. Furlong and Genevieve A. Furlong * * *.

" Fourth. I give, devise and bequeath to my brother, Henry M. Furlong five (5) of such shares of income and principal * * *.

" Fifth I give, devise and bequeath unto my brother, Joseph H. Furlong two (2) of such shares of principal and income, * * *

" Seventh — I give devise and bequeath all of such shares to my said executors and trustees in such Manner as shall make the same Non-assignable and non-seizable so that the same and each and every part thereof cannot be disposed of or be subject to levy or attachment or sale.

" *Eighth* I direct authorize and empower my said Executors and trustees to hold my real property until such time as a sale may be made to advantage in their opinion, and I direct authorize and empower them to pay the income and the principal at such times and manner as they shall deem fit."

The brother, James E. Furlong, died in 1934 and devised and bequeathed all of his property, including his interest in this estate, to his sister, Genevieve A. Furlong, one of the petitioners. The sister, Mary E. Furlong, died in 1938 and left her interest in this estate to her brother, Henry M. Furlong. The brother, Joseph H. Furlong, in 1941 executed an assignment of his interest in this estate to his brother, Henry M. Furlong. Henry M. Furlong died in 1951 and devised and bequeathed his estate, including his interest in this estate, to his widow, the respondent, Gertrude M. Furlong. Thus, if the assignment from Joseph to Henry was effective to accomplish its apparent purpose, petitioner, Genevieve A. Furlong, individually, and respondent, Gertrude M. Furlong, individually, are the only persons equitably interested in this construction proceeding, except insofar as it may interfere with the trust for testator's widow, Leah M. Furlong.

The provision in paragraph " Seventh " of the will forbidding the sale or seizure of the several parts of the realty as provided in the will was considered by my predecessor, the Hon. JOSEPH M. FEELY, when Surrogate of this court (decision filed herein on May 4, 1935). His determination that the provision was made " to prevent the trustees being embarrassed by outside interests " is adopted herein. The provision was not designed as a spendthrift trust to protect the said beneficiaries from their creditors, but was to protect the trustees in the performance of their duties. In the absence of appearance by the assignor, Joseph H. Furlong, after due notice, it is held that the assignment was absolute, for adequate consideration, and was effective to convey to Henry M. Furlong all of the interest of Joseph H. Furlong in this estate.

In 1945 the petitioning trustees sold all of testator's real estate. Although they accepted some purchase-money mortgages in making the sales, only one such mortgage remains unpaid. The block on Clinton Avenue South was sold for $150,000 and a purchase-money mortgage in the sum of $107,000 was accepted by the trustees for part of the price, without court approval. No one is objecting to the sale or to the acceptance of the mortgage. This mortgage has now been reduced to the sum of $88,000. Fifteen hundred dollars is payable thereon quarterly to pay the interest at 4% per annum and to apply on the principal balance. The mortgage is all due in 1955.

Respondents contend that since the real estate has been sold the trustees must distribute all of the estate except the one third which is held in trust for testator's widow. The trustees argue that the testator intended that the distribution be withheld until the real estate, including the purchase-money mortgage in question, should be liquidated.

Testator devised his real estate in trust, and provided that the income of one third of it or, if sold, the income of one third of the proceeds thereof should be paid to his widow for life. He bequeathed the income from the remaining portion of the realty in trust to his brothers and sisters so long as the realty should be unsold, and in paragraph " Eighth " he granted the following authority to his trustees: " (T)o hold my real property until such time as a sale may be made to advantage in their opinion, and I direct authorize and empower them to pay the income and the principal at such times and manner as they shall deem fit." The provision for the widow for life is clearly valid, since only one life is involved; and since the grant of dis-

cretion to the trustees as to the time of sale of the realty may be justified .for the protection of the interest of the widow therein, it is equally valid during her lifetime as to the interests of the brothers and sisters, which until sale of the realty are inextricably tied up with her interest.

But respondents contend that since the real estate has been sold, distribution of the two thirds of the proceeds thereof bequeathed to the brothers and sisters should now be made. It is true that if the realty has been completely liquidated, distribution of all but the one third to be held for the widow must now be made. As to them in such case the trust must be deemed to have become passive. (Real Property Law, § 93.) The authority to the trustees to pay the principal at such times and manner as they deem fit was related to the sale of the real estate, and it would be an unreasonable exercise of discretion by the trustees to withhold distribution after liquidation of the realty.

Petitioners, however, urge that since the purchase-money mortgage accepted by them on the sale of the large realty block was in a sum greater than permitted for trust investments, and was received by them without prior court approval (see 2 Scott on Trusts, § 190.7), it continues to be real estate in their hands (*Boies* v. *Benham,* 127 N. Y. 620; *Dusenbury* v. *Hulbert,* 59 N. Y. 541; *Matter of Crimmins,* 159 Misc. 499, 502), and hence the discretion to withhold distribution still exists in the trustees.

Since the mortgage has now been reduced to less than 60% of the sale price, prima facie it now constitutes a valid trust investment which the trustees would have been justified in accepting upon the sale of the real estate (see authorities last above cited), and hence would be justified now in holding as a trust investment. However, at the time of sale the mortgage exceeded the limit for trust investment, and although the balance unpaid on the mortgage has now been reduced, it is possible that the value of the real estate has also declined. The court is not in possession of sufficient facts to hold that the mortgage is now a valid trust investment, and so for the purpose of this opinion it must assume that the mortgage is not such valid trust investment, and hence, as a purchase-money mortgage it constitutes unsold real estate in the hands of the trustees.

If there are sufficient cash and other valid trust assets in the estate to set up the trust for the widow of the " 8 parts or ⅓ of the principal " as provided in paragraph " Second " of the will, and to pay petitioner, Genevieve A. Furlong, personally, her interests herein in full, respondent is entitled to have the rest

of the assets paid and assigned to her, subject to payment of the appropriate part thereof through the estate of Mary E. Furlong, deceased. If there are insufficient cash and other trust-invested assets to make the foregoing liquid distribution, petitioners are entitled to continue the trust during the lifetime of the widow, Leah M. Furlong, until such time as the said purchase-money mortgage is liquidated or is reduced in amount to such extent that the respondent, Gertrude M. Furlong, is entitled to the amount thereof and is willing to accept it in distribution.

The further question as to the rights of the respondents in the event of the death of testator's widow should also be determined now. At that time, if it is deemed that the realty remains unsold, the authority of the trustees would be limited to a power in trust. (See *Matter of Spruce,* 188 Misc. 776, 779–780.) Although such a power may not be held in violation of the statute against unlawful suspension (Real Property Law, § 42), where all persons interested in the proceeds are in being and ascertained, as here, the power does not amount to an unlawful suspension. (*Manice* v. *Manice,* 43 N. Y. 303, 364–365; *Matter of Graves,* 194 Misc. 394, 404.) The power was granted to the trustees for the benefit of testator's brothers and sisters to enable the trustees in their wise discretion to obtain full value upon the sale of the property. If the trustees should delay unreasonably in exercising their discretion and effecting liquidation, upon proper application the court would enforce performance of their duties. (*Manice* v. *Manice, supra,* p. 365.)

Submit decree accordingly.