Mary K. GIBRAN and William Saxe, Administrators c.t.a. of the Estate of Kahlil Gibran, Appellees,

v.

NATIONAL COMMITTEE OF GIBRAN, Appellant.

No. 280, Docket 24904.

United States Court of Appeals
Second Circuit.

Argued March 27, 1958.

Decided April 25, 1958.

Victor House, Bennet, House & Couts, New York City, for Mary K. Gibran.

Irving M. Gruber, Blum, Jolles, Gruber, Szabad & Gersen, New York City, for administrators.

Ralph L. Knisley, New York City (George G. Shiya, New York City, Atty.), for National Committee of Gibran, defendant-appellee-appellant.

Before CLARK, Chief Judge, and HAND and LUMBARD, Circuit Judges.

HAND, Circuit Judge.

This case arises on two appeals from a judgment of Weinfeld, J., awarding to the plaintiffs, as administrators c. t. a., of Kahlil Gibran, royalties accruing upon renewals, applied for after his death, of unexpired copyrights in a number of books written by him. Mary K. Gibran appeals individually from the judgment because she claims title to the renewals. The National Committee of Gibran appeals from so much of the

judgment as directs the royalties falling due upon the renewals to be paid to the administrators for distribution in accordance with the will of the decedent. Judge Weinfeld stated the undisputed facts on pages 856 and 857 of his opinion (153 F.Supp. 854) as follows, which we adopt.

"Gibran died in April, 1931. He left no widow or children surviving him. His sole surviving next of kin was his sister, the individual plaintiff in this action. Gibran drafted his own will without the aid of legal advice. No executor was named. The will was duly admitted to probate in May, 1931 and shortly thereafter letters of administration c. t. a. were issued by the Surrogate's Court, New York County, to Mary K. Gibran, his sister, and William Saxe, who are the co-plaintiffs in this action. The letters of administration c. t. a. have not been revoked.

"The will contains the following provision: 'The royalties on my copyrights, which copyrights I understand can be extended upon request by my heirs for an additional period of twenty-eight years after my death, are to go to my home town,' elsewhere referred to in the will as 'Bechari, Republic of Lebanon.'

"The defendant, the National Committee of Gibran, was organized by the town of Bechari for the purpose of receiving royalties payable to it under the will. The defendant publisher has paid all royalties under the original copyright which accrued after the death of Gibran to the Committee and its predecessor. These were paid following the construction of the will by the Surrogate's Court, New York County, that 'the gift of the royalties on the copyrights contained in the fourth paragraph of the said last will and testament carries with it the gift of the copyrights to the town of Bechari.' No issue exists as to the payments so made under the original copyrights. But controversy does exist with respect to the renewal copyrights.

\*   \*   \*   \*   \*   \*

"As already noted, Gibran did not name an executor in his will. Accord-ingly, in the 28th year of the respective original copyrights, both the plaintiff administrators c. t. a. and the individual plaintiff, Gibran, the author's sole next of kin, duly filed applications for renewals of the copyrights of the five works and duplicate certificates of copyright registration were issued to them respectively. In so renewing the copyrights they apparently acted in mutual self-interest to avoid a lapse of the renewal rights, whether ultimately the benefits thereof were to accrue to the next of kin, or the distributee, if any, under the will."

The question as to who is entitled to the renewal of a copyright has been mooted ever since the Act of 1831 (Ch. 16, 4 Stat.L. 436, 439). Originally the statute of 1790 (Ch. 15, 1 Stat.L. 124) gave the "extension" to "executors, administrators or assigns" of the first owner; and in Paige v. Banks, 13 Wall. 608, 20 L.Ed. 709, the Supreme Court held, as to a copyright that had been taken out before 1831 but had been renewed thereafter, that the old act controlled and that the assignee of the original copyright was entitled to the renewal. This decision the First Circuit considered in White-Smith Music Publishing Co. v. Goff, 187 F. 247, where it held that, except in the case of a "composite work," the right of renewal is vested in those named in the second proviso of § 24 of Title 17, U.S.C. among whom was not an "administrator" (187 F. at page 253), since that would make the right a part of the original author's estate. We followed this ruling in Danks v. Gordon, 2 Cir., 272 F. 821, 825, and in Silverman v. Sunrise Pictures Corporation, 2 Cir., 273 F. 909, 19 A.L.R. 289, we held that when two of the three next of kin applied for a renewal within the year before the copyright had expired the renewal was good, although the author had made a will and appointed executors who had not applied for renewal within the year. An administrator c. t. a. had been later appointed in that case after the executors had accounted and been discharged, and he had also applied for

a renewal, though too late, as we have said. We held that the executors had the right to renew only in case the author had died during the year before the expiration of the copyright (273 F. at page 913), and that otherwise the privilege of renewal vested in the next of kin. Our statement that an administrator c. t. a. may never apply for renewal was therefore in any event superfluous, because his application was too late. What we held as to the nature of the executor's privilege was overruled by the Supreme Court in Fox Film Corp. v. Knowles, 261 U.S. 326, 43 S.Ct. 365, 67 L.Ed. 680, but, when the Silverman case came before us again in 2 Cir., 290 F. 804, we reaffirmed our original disposition of the dispute, because the next of kin had the power to apply for the renewal. We also repeated what we said about the power of an administrator c. t. a. but again that was not necessary to the result, for the reason we have just mentioned.

Therefore, we feel free to consider the question as a new one and we agree with Judge Weinfeld that § 24 gives the power to the administrator c. t. a., at least in cases where the author has made a will but has not appointed any executor. Were this not true, there would be no one, as the section reads, who could exercise the power at all; there would be no executor and yet there would not be the "absence of a will," which is an express condition on the privilege of the next of kin. Section 225 of the New York Surrogate's Court Act defines the powers of an administrator c. t. a. as follows: "Where letters of administration with the will annexed are granted, the will of the deceased shall be observed and performed; and the administrators with such will have the rights and powers, and are subject to the same duties, as if they had been named as executors in the will." This language leaves no doubt that whatever would have been the power of an executor, if Gibran had named one, the plaintiffs succeeded to them. Compare Hollenbach v. Born, 238 N.Y.

34, 143 N.E. 782. Judge Weinfeld was plainly right in holding that the plaintiffs had the power and indeed the duty to renew the copyrights and to hold them for the benefit of the testator's "home town."

We also agree with that part of the judgment that "the balance of the funds on deposit in the Registry * * * be paid over to the administrators c. t. a. * * * for distribution to the National Committee * * * and further that the administrators c. t. a. shall assign the renewals to said Committee, all subject to an accounting in the Surrogate's Court."

Judgment affirmed.